Points Decided.

---

(February 11, 1913.)

## MARY A. QUIRK, Respondent, v. PEARL I. SUNDERLIN, Appellant.

### [130 Pac. 374.]

SUFFICIENCY OF EVIDENCE—INSTRUCTIONS—SPECIAL COMPENSATION TO EMPLOYEE.

1. Evidence examined, and *held* sufficient to support the verdict and judgment.

2. The following two instructions, when taken and considered together, *held* to correctly state the law applicable in a case where a servant sues for a special and additional compensation over and above the regular wage or salary.

(a) "If you find from the evidence that the plaintiff has performed services for the defendant with defendant's knowledge and consent, and the defendant voluntarily took the benefit thereof, then the law will presume that the plaintiff should be paid by the defendant for those services, unless the contrary is shown by the evidence, and if no special contract is shown fixing the price, then plaintiff would be entitled to recover what the services are reasonably worth."

(b) "Where an employee who is working for stipulated wages performs extra work for the employer, there is a presumption, in the absence of an express or clearly implied agreement to the contrary, that no extra compensation is to be paid therefor and that payment for that extra work is included within the regular wages, but this presumption does not extend to extra work performed for persons other than the employer."

3. Where a servant or employee is in the regular employ of the master or employer at a stated wage or salary, in order to recover for special services or extra work performed during the same period of time, the burden is cast upon the employee to show by a preponderance of the evidence that the work was extra work outside of and beyond the scope of the employment, and that there was either an express or a clearly implied contract and agreement to pay extra for the special work so performed, and that it was not intended that such work should fall within the general employment of the servant or be compensated for by the regular wage or salary paid.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. Carl A. Davis, Judge.

Action to recover for services performed. Judgment for plaintiff. Defendant appeals. *Affirmed.*

E. J. Frawley and Charles A. Sunderlin, for Appellant.

Where a party employed receives a regular specific monthly salary for his services, the presumption of law is that all services rendered by him for his employer during that period, which are of nearly a similar nature to those of his regular duties, are paid for by his salary. To overcome this presumption, he must show an express agreement for extra pay; otherwise he cannot recover. (*Cany v. Halleck,* 9 Cal. 198; *N. Y. Life Ins. Co. v. Goodrich,* 74 Mo. App. 355; 25 Cyc. 1037; *Forster v. Green,* 111 Mich. 264, 69 N. W. 647; *Houghton v. Kittleman,* 7 Kan. App. 207, 52 Pac. 898; *Ross v. Hardin,* 79 N. Y. 84.)

The instruction of the court was erroneous and prejudicial, because under such circumstances as respondent was employed and performed services, she would have to prove an express contract, according to authorities above cited.

Edwin Snow, for Respondent.

The instruction complained of by appellant is taken *verbatim* from Brickwood Sackett's Instructions, vol. 1, sec. 710, subd., par. C, where are cited, 1 Page on Contracts, sec. 285; 1 Parsons on Contracts, sec. 445; *Trustees of Farmington v. Allen,* 14 Mass. 172, 7 Am. Dec. 201.

AILSHIE, C. J.—This action was instituted by respondent to collect from the appellant a certain sum for special services rendered in the collection of accounts. The respondent was in the employ of the Boston Grocery, a partnership of which appellant was a member, and was serving the company as stenographer, collector and bookkeeper, and she alleged that during a certain period of time she did extra service for appellant for which she was to have extra pay in the matter of collecting accounts. The trial resulted in a verdict and judgment in favor of the plaintiff in the sum of $200, and an appeal has been prosecuted.

The appellant assigns two errors: first, the insufficiency of the evidence to support the verdict; and, second, the error of the court in giving two instructions. Upon the question of the sufficiency of the evidence, we are forced to the conclusion which we have frequently expressed in other cases, namely, that while it is true that "the evidence is meager and rather indefinite, under the rule that has been adopted and uniformly followed by this court, it is quite clear to us that the evidence made a *prima facie* case, and was sufficient to go to the jury." (*Mineau v. Imperial Dredge Co.*, 19 Ida. 462, 114 Pac. 24.) We are not able to say that there is no substantial evidence whatever to support this verdict, and we cannot therefore disturb the verdict on the ground of insufficiency of the evidence.

The court gave the following two instructions, (a) and (b):

"(a) If you find from the evidence that the plaintiff has performed services for the defendant with defendant's knowledge and consent, and the defendant voluntarily took the benefit thereof, then the law will presume that the plaintiff should be paid by the defendant for those services, unless the contrary is shown by the evidence, and if no special contract is shown fixing the price, then plaintiff would be entitled to recover what the services are reasonably worth."

(b) "Where an employee who is working for stipulated wages performs extra work for the employer, there is a presumption, in the absence of an express or clearly implied agreement to the contrary, that no extra compensation is to be paid therefor, and that payment for that extra work is included within the regular wages, but this presumption does not extend to extra work performed for persons other than the employer."

It is contended by counsel for appellant that under the peculiar facts of this case, the foregoing instructions were erroneous and misleading. The respondent, the plaintiff in the lower court, was in the regular employ of the Boston Grocery, of which appellant was a member, and it is contended that where a servant is in the employ of the master, the performance of services for the master or a request from

the master to perform services, or a direction from him as to the character or manner of performance of services, carries with it no implied promise to pay additional salary or wages or any implication of any special contract other than the regular contract of employment. The position of appellant in this respect is clearly supported by the authorities. (*Ross v. Hardin,* 79 N. Y. 84.)

Instruction (a) clearly stated the general rule of law with reference to the performance of services by the servant with the knowledge and consent of the master. This instruction, standing alone, would have been misleading to the jury in this particular case. We think, however, instruction (b) sufficiently explained the exception to the general rule and gave the jury the correct view of the law applicable in this class of cases. Where a servant is in the employ of the master, at a regular wage or salary, in order to recover for special services or for extra work, the burden should be cast upon the employee to show clearly that the work was extra, and that there was either an express agreement or a clearly implied agreement to pay extra for the special work performed, and that it was not intended to fall within the general employment of the servant or be compensated for by the regular wage or salary paid. (*Cany v. Halleck,* 9 Cal. 198; *Houghton v. Kettleman,* 7 Kan. App. 207, 52 Pac. 898; *Forster v. Green,* 111 Mich. 264, 69 N. W. 647.)

The two instructions, taken together, correctly state the law of the case, and there was no error committed by the court in giving them to the jury.

Upon the whole record in the case as presented to us, no error or reason is shown that would justify a reversal of the judgment. Judgment is affirmed, with costs in favor of the respondent.

Sullivan and Stewart, JJ., concur.