## HARRIS v. BOGGESS.

No 17363—Opinion Filed March 29, 1927.

Rehearing Denied May 3, 1927.

(Syllabus.)

1. New Trial—Bias of Juror as Ground—Diligence in Making Complaint to Court.

Where a juror, contrary to statements made on his voir dire examination, has expressed opinions as to the merits of the controversy, or during the progress of the trial makes statements which show him to be biased and prejudiced against the rights of one of the litigants, this is sufficient grounds for a new trial, but it is the duty of the party complaining of the conduct of such juror to call it to the attention of the trial court as soon as he discovers it, and if he discovers such alleged misconduct of a juror before the close of the trial, it is his duty to then, by proper motion, call it to the attention of the trial court, and if after the close of the trial, it is his duty to call it to the attention of the trial court in a motion for new trial filed within three days, if learned within that time. If he is in possession of such information and fails to so call it to the attention of the trial court in one of the ways above indicated, he waives it and cannot later be heard to complain.

2. Appeal and Error—Questions of Fact—Conclusiveness of Court's Finding as to Misconduct of Juror as Ground of New Trial.

Where a motion for new trial is filed assigning as one of the grounds therefor misconduct of a juror, and at a hearing on said motion, at which evidence is introduced, questions of fact are raised as to whether the juror was guilty of such misconduct, the finding of the trial court on such question of fact will not be disturbed by this court where there is evidence reasonably supporting such finding.

3. Elections—Contest—Ballots as Evidence—Identity and Condition of Ballots and Results in Questioned Precincts as Questions of Fact.

In an election contest, where the ballots are introduced in evidence and where it is shown that they have been handled in such manner by the election officials as to afford a reasonable probability of their having been changed or tampered with, whether such ballots are the identical ballots as cast by the voters and whether they are in the same condition they were in when delivered to the county election board and what was the result of the election in the precincts where the ballots are alleged to have been cast, are, under all the evidence, questions of fact for the jury or for a court sitting as a trier of facts. (Moss v. Hunt, 40 Okla. 20, 135 Pac. 282.)

4. Appeal and Error—Questions of Fact—Conclusiveness of Verdict.

Where questions of fact are submitted to the jury, and the court's instructions correctly state the law, the verdict of the jury will not be disturbed where there is evidence reasonably tending to support the same.

Error from District Court. Washington County; H. C. Farrell, Judge.

Action by Frank Harris against R. E. Boggess. Judgment for defendant, and plaintiff appeals. Affirmed.

Norman Barker, A. F. Vandeventer, and N. E. McNeill, for plaintiff in error.

S. J. Montgomery and H. H. Montgomery, for defendant in error.

PHELPS, J. The parties hereto will be

referred to as plaintiff and defendant, as they appeared in the trial court.

The plaintiff was the regular Democratic nominee for the office of county commissioner of district No. 3 of Washington county and the defendant was the regular Republican nominee for the office of county commissioner of district No. 3 of Washington county in the general election held on the 4th day of November, 1924. Upon the face of the returns in such general election plaintiff received 522 votes and defendant received 531 votes. Defendant having, upon the face of the returns, received a majority of 9 votes, certificate of election was issued to him and he qualified and entered upon the duties of such office, whereupon plaintiff filed his action in the district court of Washington county contesting the election of defendant, alleging that there were errors in the conduct of the election and the count of the ballots and praying for a recount of said ballots and that judgment be entered finding and declaring the certificate of election issued to the defendant to be void and that plaintiff be adjudged duly elected to and entitled to occupy said office of county commissioner of district No. 3 of Washington county.

Upon the joining of issues in said cause, trial was had to a jury, resulting in a verdict, and judgment thereon, in favor of defendant, to reverse which plaintiff prosecutes this appeal.

It is first contended by plaintiff that the trial court erred in not granting him a new trial because of alleged misconduct of one of the jurors during the progress of the trial. It appears from the record that within three days after the verdict of the jury was returned plaintiff filed his motion for new trial setting up the usual and ordinary grounds therefor. This motion, however, he later withdrew and filed another, to which he attached affidavits of several persons alleging that prior to the selection of the jury and subsequent thereto, during the progress of the trial, one of the jurors had made statements in the presence of the persons making the affidavits indicating bias and prejudice against plaintiff, and because of such misconduct on the part of said juror, plaintiff insisted that he was entitled to a new trial. The court heard evidence upon said motion, and the juror whose conduct was called into question, under oath, denied in toto the allegations set out in the affidavits, and at the conclusion of such hearing motion for new trial was overruled, which

ruling is assigned and urged by plaintiff as reversible error.

He cites J. R. Watkins Medical Co. v. Lizar, 78 Okla. 302, 190 Pac. 552, as supporting his contention. Defendant cites the same case as supporting his contention that complaint of the conduct of the juror came too late. In plaintiff's affidavit supporting his motion for a new trial he says:

"That he did not hear of the matters and facts sworn to by William Hogan and Dan Barker in their affidavits filed herein in support of plaintiff's motion for new trial, and had no knowledge thereof whatsoever, until just before said cause was submitted to the jury for their decision on the last day of the trial of said cause, on Thursday, the 22nd day of October, 1925, when plaintiff heard the facts contained in the affidavits of William Hogan and Dan Barker, and that he did not hear or know of the facts recited by affidavit of R. H. Hawkins until Saturday, October 31, 1925."

It is defendant's contention that, according to this affidavit, plaintiff was, before the close of the trial, in possession of the information contained in at least two of the affidavits and that it was his duty, upon receipt of such information, to have called it to the attention of the trial court, or, at least, to have incorporated this information in his first motion for new trial.

In J. R. Watkins Medical Co. v. Lizar, supra, wherein a new trial was sought upon the grounds of misconduct on the part of a juror, in the body of the opinion this court said:

"If the defendants thereafter, and during the term of court at which the verdict was returned, had discovered the misconduct of the juror Boyles in soliciting bribes, as set forth in the affidavit, this matter could easily have been brought to the attention of the court by timely motion, which motion should have been supported by affidavits, and also showing that knowledge of this misconduct of the juror Boyles could not have been discovered within three days after the return of the verdict, through the exercise of due diligence. In this case the verdict was returned on the 29th of September, 1917. Mr. Swalley, one of the defendants who subscribed the affidavit attached to the second motion for new trial, states in the affidavit that he was approached on the night of the 28th of September, 1917, and at that time was informed of all the matters stated in the affidavit. Therefore, when the first motion for new trial was filed, on October 2nd thereafter, this knowledge was in possession of the defendants, and the failure to incorporate this knowledge in the motion for new trial cannot be excused unless it is shown that the failure was unavoidable."

The duty of a party who challenges the conduct of a juror is laid down in 16 R. C. L., page 313, section 120, as follows:

"Misconduct of a juror, if known before the trial closes, must then be brought to the attention of the court; otherwise it is waived. Accordingly, an objection to the misconduct of a juror in expressing an opinion or prejudice during the trial, if known to the party at the time of its occurrence and not made a subject of a motion to the court, is waived."

Plaintiff cites, relies on. and extensively quotes from Heasley v. Nichols (Wash.) 80 Pac. 769, and other cases citing and following the rule therein laid down, but it appears in all of these cases that the information regarding the alleged bias of the juror was not obtained until after the close of the trial, and in the instant case it is shown by plaintiff's own affidavit that he was in possession of most of the facts relied upon to show the bias and prejudice of the juror in question before the close of the trial, and defendant insists that plaintiff should not be allowed, after obtaining such information, to remain silent and speculate on the verdict of the jury and after an adverse verdict raise the objections. However important this question may be, when the hearing on the motion for new trial was had. the motion for new trial with the affidavits attached and the oral testimony of the juror whose conduct was under investigation presented a question of fact to be determined by the court, and since the trial court found the facts in favor of defendant and there is ample evidence in the record to sustain that finding, we are not disposed to disturb it.

It is next contended by plaintiff that the verdict and judgment are not sustained by the evidence.

It appears that at the trial. when the ballots were introduced in evidence and recounted, it was found that plaintiff had received 537 votes and defendant had received 522 votes, giving the election to plaintiff by a majority of 15 votes. Upon the face of the returns. therefore, as shown by the count made in court. plaintiff was entitled to the office: but the question was raised as to whether the ballots were the same ballots and in the same condition when introduced and counted in court as they were in when they were returned to the county election board. It was contended that the ballot boxes in which the ballots were placed were left in a room to which many people had access; the door to which was often left open and when not left open was easily unlocked with a knife blade,

or other instrument, and that the keys to. the ballot boxes were left tied with a string to the handles of the ballot boxes, making it easy for the ballots to be "tampered" with, and at the close of the trial the cause was submitted to the jury in the form of the following interrogatory:

"Are you satisfied from a preponderance of the evidence that the ballots cast in precinct No. 34, Washington county, Okla., at the November 4. 1924, election for the office of county commissioner, third district, have not been tampered with and changed since the election, and that the ballots offered in evidence in this case are the identical ballots cast at the election?"

—to which interrogatory the jury answered, "No", and it was upon the answer of the jury to this interrogatory that the court rendered judgment for the defendant.

.The court instructed the jury that:

"The only difference in the two counts sufficient to affect the result of the election being in precinct No. 34, where the official returns show that plaintiff received 79 votes and the defendant 82, while the recount shows that plaintiff received 91 and the defendant 71"

—and then proceeded to instruct the jury that it was incumbent upon the plaintiff to show by a preponderance of the evidence that the ballots were the same ballots cast and in the same condition when offered as evidence as they were in when returned by the precinct election board of precinct No. 34 to the county election board. But plaintiff contends that when the recount, in court. showed a majority of the votes were cast for plaintiff, the burden then shifted to defendant to prove by a preponderance of the evidence that the ballots produced and counted in court were not the same ballots and not in the same condition they were in when return was made to the county election board.

The court's instruction No. 2 reads as follows:

"You are instructed that the law presumes the official returns to be correct, and that before a recount of the ballots should be allowed to rebut this presumption of the correctness of the official returns it should be proved satisfactorily that the ballots have not been tampered with and changed since the election. and that those offered in evidence are the indentical ones cast at the election. and the burden is upon the plaintiff to prove by a preponderance of the evidence these facts."

As we view it, this was a correct instruction.

In Newhouse v. Alexander, 27 Okla. 46, 110 Pac. 1121. this court said:

"Before a recount of the ballots should be allowed to rebut the presumption of the correctness of the official returns, it should be proved satisfactorily that the ballots have not been tampered with since the election, and that those offered in evidence are the indentical ones cast."

The instructions given fairly cover the law applicable to the facts disclosed by the evidence, and, following the well-settled rule that where the facts are presented to the jury and the instructions fairly present the law the verdict of the jury will not be disturbed on appeal, we must affirm the judgment of the trial court.

There are other questions presented, but in view of the conclusion here reached it is unnecessary to consider them.

Plaintiff in error also moves to withdraw case-made for correction, but in view of the fact that the corrections suggested would be immaterial in view of the conclusion herein reached, the request is denied. Affirmed.

MASON, V. C. J., and LESTER, J., concur. BRANSON, C. J., and HEFNER, J., concur in conclusions. CLARK and RILEY, JJ., dissent.