PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ GUZMÁN, Defendant and Appellant.

No. 5325. Argued January 30, 1934.—Decided February 24, 1934.

*R. Atiles Moreu* for appellant. *R. A. Gómez, Fiscal,* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant was convicted of raping a girl less than fourteen years old. His appeal is based on the proposition that the information does not charge him with a crime and that the decision of the lower court denying the new trial requested by him was erroneous.

He says that the information, in stating that he lay
(*yació*) with a girl under. fourteen years of age, did not
charge him with the crime of rape because "to lie with"
(*yacer*) does not mean to have sexual intercourse with a
person, according to the definition of that term given in the
General Etymological Dictionary of Roque Barcia and the
new Illustrated Encyclopedic Dictionary of Larousse. How-
ever, one of the meanings of the verb "to lie with" given
in the Dictionary of the Royal Spanish Academy of 1925
(15th edition), is "to have sexual intercourse with a person".

The appellant requested a new trial on the ground that
the verdict of the jury was not fair or impartial, inasmuch
as the foreman of the jury, Juan Orta, had a fixed deter-
mination to find the defendant guilty; that he had knowledge
of the facts and had formed an absolute opinion of guilt and,
in addition, had knowledge of other facts concerning the
defendant, for which reason he had formed an opinion of
absolute guilt and the intention to obtain a conviction, before
and after he was impaneled for the jury, according to public
statements made by him at a club on the day following the
trial to the effect that he had pardoned the defendant several
times, but that it was time to put him in prison as an example,
since he was a persecutor of girls, having on one occasion
shut four of them into a room where he deflowered them.
Two persons, in two affidavits which were presented with the
motion for a new trial, stated that Orta said publicly, in
a club on the night following the verdict, that the jury had
acted justly in returning a verdict of guilty against José
Guzmán in view of the previous misconduct of the defendant
with several girls, of which he had knowledge, and that he
related the defloration of four girls and another case com-
mitted with another. minor, and that he had said all of the
foregoing for the purpose of justifying the verdict of guilty
returned by the jury the night before. In opposition to this
evidence, the district attorney presented an affidavit of the
said foreman of the jury, wherein the latter stated that he

had qualified as a juror for the trial of José Guzmán of whom he was a friend at the time; that he had formed no opinion of the case as a result of newspaper reports nor was he prejudiced against the defendant; that on the day after the verdict was returned, while the same was being discussed, he was informed by friends and other gentlemen in the community of many other acts attributed to the defendant of which he had no·previous knowledge, and which made him feel that he had fulfilled a duty; that other commentaries were made in the club and that he said there that he was contented and satisfied because on that same day, after Guzmán had been found guilty, he had learned from his friend, Bartolo Morey of Ponce, that other criminal acts similar to those forming the basis of the verdict had been attributed to the defendant, and that he had also learned, after the verdict, from the owner of a laundry on Atocha Street of Ponce that he, the owner, had been compelled to warn and threaten José Guzmán because he had been disrespectful to his minor daughter; that he has at no time said to any person that he had previous knowledge of those facts before being impaneled for the jury, nor that such acts were mentioned in the deliberation of the jury; and that before the hearing of the case he had no knowledge of the acts imputed to the defendant and was not prejudiced against him.

There can be no doubt that the defendant is entitled to a fair trial and that, consequently, the jury before which the case is heard must not be prejudiced against him. The case must be decided solely on the evidence presented before the jury, and consequently if the whole jury, or any of its members, is shown to have been prejudiced against the defendant in such a way as to injure his essential rights, he should be granted a new trial. But the evidence presented to the court from which the new trial is requested must be submitted to the discretion of the court, which must then decide, in accordance with said evidence, whether or not a new trial should be granted. In previous cases it has been decided that the

conflict arising from affidavits filed in support of or against the petition must be adjusted by the court, and that once this conflict has been resolved, the action of the court will not be disturbed on appeal in the absence of a showing of a serious abuse of discretion or manifest error. *People* v. *Sinigaglia,* 13 P.R.R. 119, *People* v. *Español,* 16 P.R.R. 203, *People* v. *Rosado,* 16 P.R.R. 412, *People* v. *Calderón,* 19 P.R.R. 886, *People* v. *Soto,* 26 P.R.R. 399, 16 C.J. 1154 and 1160, sections 2650 and 2669.

The foreman of the jury in his affidavit admits that in a club on the night following the verdict against the appellant, he made the statements regarding other acts by the defendant analogous to the one for which he was tried, which were attributed to him by the affidavit presented by the defendant with his motion for a new trial, but he denies that he had knowledge of said acts before the verdict, and asserts that he learned of said acts after the verdict through several persons, which is what he said in the club before several persons, and that he had never been prejudiced against the defendant. The evidence presented to the court on this question was conflicting as to the essential point of whether the juror had knowledge previous to the verdict of the other similar acts of the defendant of which he spoke in the club, and took them into account in casting his vote, or whether he learned of them afterwards, which conflict was decided by the court against the defendant, and we do not see that the court abused its discretion or committed manifest error. In the case of *Gilleland* v. *State,* 44 Tex. 356, which was a murder case, the following was said:

"Misconduct of the juror is not made an absolute ground of new trial. But when it is of this character it is addressed to the judgment of the court whether the misconduct of the jury has been such that the defendant has not received a fair and impartial trial. And though the decision of the court refusing a new trial, asked on this ground, is subject to review as in any other case where it is intrusted with the exercise of a judicial discretion, still we think this court should defer much to the judgment of the court below,

in view of its better opportunity for observing and knowing all the facts transpiring during the progress of the case or developed on the hearing of the motion. For this court to reverse a judgment on the ground that such a motion has been overruled, it must be made plainly to appear that appellant has probably suffered injustice or sustained some injury by the ruling on the motion. We are unable to see that such is the fact in this case. The affidavits offered in support of the motion shows with reasonable certainty that one of the jurors who tried the case had formed and expressed an opinion of appellant's guilt before he was summoned as a juror, and could not be said to be an impartial juror. If such was the fact, and he answered the questions propounded to him when the jury were being impaneled so as to qualify himself to sit in the case, it may well be held that he was guilty of misconduct as a juror, for which a motion for a new trial upon this ground could be properly granted. But the matters alleged in these affidavits were positively denied under oath by the juror. And an explanation is given· by him which tends to support his statement and account for the discrepancy in his version of the matter and that made by the other affiants. It is true there are two affidavits in support of the motion to one in rebuttal; but we do not think the decision of the question presented by the motion should necessarily depend upon the mere outnumbering of the affidavits on the one side over those on the other.''

The following are cases in which a new trial was denied and which are similar to the instant case: *State* v. *Underwood,* 77 Pac. 863; *State* v. *Moretti,* 120 Pac. 102; *Smith* v. *State,* 114 Pac. 350, and *Harris* v. *Boggess,* 255 Pac. 685. In the case of *People* v. *Villaveitía,* 43 P.R.R. 594, decided by us, we said:

''Appellant submits that the district court erred in overruling a motion for a new trial and in pronouncing sentence. The latter part of this contention is presented as a corollary of the first part and need not be. separately discussed.

''The motion for a new trial was based on a statement said to have been made by one of the jurors after the verdict. The statement if made as set forth in the affidavits filed in support of the motion, discloses a fixed determination, definitely formed before the beginning of the trial, to convict the defendant regardless of the evidence to be introduced at the trial. Such statement, of course,

would have required the granting of a new trial and, if the affidavits in support of the motion had not been contradicted, the overruling of the motion would have been reversible error. The juror, however, in a counter affidavit denied having made the statement imputed to him and the affidavits of other jurors were to the effect that his conduct and conversation throughout the trial gave no inkling of any bias or prejudice against the defendant. The trial judge must be presumed to have passed upon this question of fact when he overruled the motion and, while a definite finding would have been far more satisfactory, we do not feel that we would be justified in disturbing the result."

The judgment appealed from must be affirmed.