(No. 6384. May 4, 1937.)

AETNA CASUALTY & SURETY COMPANY, a Corporation, Appellant, v. GEORGE W. WEDGWOOD, as Commissioner of Finance of the State of Idaho, H. A. COLLINS, as Liquidating Agent of the Citizens Bank & Trust Company, and CITIZENS BANK & TRUST COMPANY, a Corporation, Respondents.

[69 Pac. (2d) 128.]

Merrill & Merrill, for Appellant.

684

B. W, Davis, for Respondents.

MORGAN, C. J.—The purpose of this action is to procure a decree directing the commissioner of finance, and the liquidating agent in charge of the assets of Citizens Bank & Trust Company, to allow plaintiff's claim against the bank and to pay dividends thereon. A demurrer to the amended complaint was sustained and, plaintiff having failed to plead further, judgment of dismissal was entered. This appeal is from the judgment. The order sustaining the demurrer and the making and entering judgment of dismissal are assigned as error.

At the time the amended complaint was filed Ben Diefendorf was commissioner of finance. Since then his term of office expired and George W. Wedgwood was appointed his successor. Wedgwood duly qualified and became, and is, commissioner of finance and, by agreement of the parties litigant, he has been substituted for Diefendorf as a party respondent.

It appears from the amended complaint, among other things, that September 23, 1931, Citizens Bank & Trust Company, of Pocatello, failed and the commissioner of finance took charge of its assets and appointed an agent to liquidate it; that at the time of the failure of the bank there was on deposit therein public funds of Bannock County in various accounts, in the names of the county treasurer, the county sheriff, and the county assessor, in their respective official capacities, the sum of $20,709.95; that as security for said deposits the bank placed in possession of the county auditor a surety bond, executed by appellant as surety, in the sum of $15,000, together with certain interest-bearing bonds and warrants of the aggregate par value of $6,817.84; that January 22, 1932, and within the time fixed by those in charge of the liquidation of the bank, and on forms prescribed by the commissioner of finance for so doing, the county officers in whose names the deposits had been made, together with Bannock County, presented claims to the liquidating agent for the moneys so deposited and demanded that, because said moneys were public funds, the claims therefor be allowed as for a trust fund and paid as a preference claim; that notwithstanding the requirements of law that the commissioner classify and allow claims presented to him with the priority to which they are entitled, he, acting through his liquidating agent, rejected said claims without classifying or allowing them in any amount or in any class; that action was commenced in the district court for the purpose of establishing said claims as preferred, or class 2 claims, which action resulted in denial of such preference; that after presentation of the claims appellant, on demand of Bannock County, January 22, 1932, for the purpose of meeting the requirements of the bond given by it, paid $15,000 to the county and it sold, assigned and set over to appellant its rights in the claims to

the extent of the proportionate amount to which, under the law, the payment of $15,000 entitled appellant; that since the assignment the balance of the deposit liability to the county has been liquidated and paid out of moneys arising from the sale of bonds and warrants delivered by the bank to the county auditor; that there still remains unsatisfied the obligation of the bank to pay, on account of the deposit, the $15,000 above mentioned, in such proportionate amounts, and at such times, as payments are made to other common depositors but, notwithstanding that duty and obligation, respondents have failed, neglected and refused to pay appellant its share, as dividends, of the assets of the bank accumulated and assembled for payment to common depositors.

As a second count appellant alleged, among other things, the payment of $15,000 to the county, in satisfaction of the bond and the assignment by the county to it of the claims against the bank to the proportionate amount which the payment of said sum entitled it; that by virtue of said payment and assignment appellant became, and is, subrogated to the rights of the county in and to the claims against the bank, to the extent and in the manner that the county would have been had the payment not been made by appellant; that payment has been made to the county of the full sum of its claims against the bank by the $15,000, so paid to it by appellant, and by moneys arising from sale of other securities pledged, as above stated, and that appellant has received repayment of no part of the $15,000 so paid to the county. It is further alleged that the county is a legal subdivision of the state and that the moneys were deposited in the bank to be used and handled in the county's governmental capacity and in the performance of its governmental functions; that the statutes of Idaho providing for the liquidation of failed banks do not include, within their scope, claims of sovereign bodies and that there was, and still is, no necessity for, or obligation resting upon, the county to present or file claims in order to entitle it to recover its *pro rata* share of the assets of the bank; also that by paying the county, as by the bond required, appellant became, and is, subrogated to its right to participate in a distribution of

the assets of the bank, among its creditors, to the extent of the amount of the county's claim so paid.

We do not look with favor on the statement of the cause of action alleged in the second count of the amended complaint. Appellant was a party to the action wherein it was sought to establish the priority of this $15,000 claim. That action (*Bannock County v. Citizens Bank & Trust Co.*, 53 Ida. 159, 22 Pac. (2d) 674) was prosecuteed in the district court, and appealed to this court, on the theory that the county was a proper claimant and had filed a proper claim. Parties to an action are bound by the theory on which they try it. (*Idaho Gold D. Corp. v. Boise Payette L. Co.*, 52 Ida. 766, 22 Pac. (2d) 147.) We will, therefore, base the decision of this case solely on the statement of the cause of action appearing in the first count of the amended complaint.

Proceeding on the theory that it was necessary for the county to, and it did, file claims for its money deposited by its officers in the bank, we will consider the contentions of the parties litigant growing out of its having done so and having assigned an interest therein to appellant, on payment of $15,000 thereof as heretofore stated, and growing out of the action of the commissioner of finance, rejecting the claims, and of the courts with respect thereto.

Idaho Code Annotated, sec. 25–912, requires the commissioner of finance to give notice calling on all persons who have claims against a bank, the assets of which he is proceeding to liquidate, specifying the time and place, when and where, their claims shall be filed and that they shall "make sworn proof thereof, in form to be fixed by him, within the time specified in said notice, not less than ninety days from the date of the first publication thereof." It further requires that a copy of such notice shall be mailed to all persons whose names appear as creditors upon the books of the bank.

It is alleged in the first count that claims were filed, pursuant to the requirements of that section, and copies thereof are referred to and are attached to the amended complaint, as exhibits, and made a part thereof. The form of claim makes provision for a statement of the priority in payment

claimed and that numbered 2, is specified in these under consideration, which means claim was made for priority pursuant to I. C. A., sec. 25–915, subdivision 2. Subdivisions 1, 2 and 3 of that section provide:

"The order of payment of the debts of a bank liquidated by the commissioner shall be as follows:

"1. The expense of liquidation, including compensation of agents, employees and attorneys.

"2. All funds held by bank in trust.

"3. Debts due depositors, holders of cashier's checks, certified checks, drafts on correspondent banks, including protest fees, paid by them on valid checks or drafts presented after closing of the bank, *pro rata*. All deposit balances of other banks or trust companies and all deposits of public funds of every kind and character (except those actually placed on special deposit under the statutes providing therefor) including those of the United States, the state of Idaho, and every county, district, municipality, political subdivision or public corporation of this state, whether secured or unsecured, or whether deposited in violation of law or otherwise, are included within the terms of this subdivision and take the same priority as debts due any other depositor; anything in the statutes of the state of Idaho to the contrary notwithstanding. Provided, however, that this section shall not apply to any deposit made by this state or any county thereof, city, town or district of this state prior to the twenty-eighth day of February, 1921."

In *Bannock County v. Citizens Bank & Trust Co., supra,* it was contended by the county and appellant herein that subdivision 3 of section 25–915 is unconstitutional in that the placing of county funds in the bank on general deposit, and thereby creating the relation of debtor and creditor between the bank and the county, violates art. 8, sec. 4 and art. 12, sec. 4 of the Constitution of Idaho; that county money placed in a bank on general deposit, in violation of law, creates a trust entitled to be preferred and paid pursuant to subdivision 2 of sec. 25–915, above quoted. It was such classification the county applied for in the claims filed, and which it and its officers and appellant herein sought to

enforce in *Bannock County v. Citizens Bank & Trust Company*, above cited.

Section 25–913 provides:

"The commissioner shall reject or allow all claims in the whole or in part, and on each claim allowed shall designate the order of its priority."

It further provides for giving notice to the claimant if his claim is rejected, or if order of priority is allowed lower than that claimed. Also,

"The action of the commissioner shall be final unless an action be brought by the claimant against the bank in the proper court of the county where the bank is located within ninety days after such service to fix the amount of the claim and its order of priority or either. . . . . ."

Upon rejection of the claims here under consideration *Bannock County v. Citizens Bank & Trust Company, supra,* was commenced in the district court. Demurrer to the complaint was sustained, judgment of dismissal was entered which, on appeal to this court, was affirmed.

It is appellant's contention in this case that it was the duty of the commissioner of finance to allow the claims and place them in the classification, and give them the priority, to which, in his judgment, they were entitled. Respondents contend the action of the commissioner in rejecting the claims, even if erroneous, was conclusive unless appealed from or corrected in an action brought for that purpose, and that the action of the commissioner of finance, disallowing them, is now final and conclusive.

Neither in *Bannock County v. Citizens Bank & Trust Company, supra,* nor in this case, has it been suggested that the money of the county was not deposited in the bank, as alleged in the complaints, nor that any part of it has ever been repaid. The absence of contention as to the deposits, the amount thereof, and whether they had been repaid by the bank, in whole or in part, prior to its failure may be due to the fact that no basis for such contention exists, or it may be due to the fact that these cases were decided in the district court on demurrers to the complaints and that the defendants therein named were not required to answer. If such contentions exist they have not been litigated.

In *Bannock County v. Citizens Bank & Trust Company,* *supra,* we disposed of the question with respect to the classification of these claims as follows:

"In the instant case, however, the public moneys in question were placed on general deposit in the Citizens Bank & Trust Company in compliance with and as provided by our current Public Depository Law. If that statute is constitutional, then the deposits were legal, and must be classified and paid as provided by subdivision three of section 77 of the Bank Act (sec. 25–915, I. C. A.), *supra;* if not, then the deposits were illegal, and for that reason became and were trust funds, and remained the property of the true owner, did not become part of the estate of the bank, and would, consequently, be entitled to be classified as such under subdivision two of section 77, chapter 133, Laws of 1925 (sec. 25–915, I. C. A.), commonly known as the Bank Act."

We further said:

"From what has been said it follows that we must, and we do, hold that our Public Depository Law, title 55, chapter 1, I. C. A., and subdivision 3, of section 25–915, I. C. A., attacked in the case at bar, are constitutional, and therefore, valid."

That was an adjudication, by this court, that the county's deposits in the bank were entitled to be classified and paid as "debts due depositors" as provided in subdivision 3, sec. 25–915, and it became and was the duty of the commissioner of finance, in obedience thereto, to allow the claims therefor in whatever amount, if any, he found to be justly due from the bank to Bannock County and to pay to appellant herein any amount found to be due to it by reason of its having paid a portion of the county's claims.

The ruling of the trial judge on the demurrer was erroneous, as was also the entry of the judgment dismissing the action. The judgment is reversed and the cause is remanded to the district court with direction to overrule the demurrer to the complaint and to further proceed in accordance with the views herein expressed. Costs are awarded to appellant.

Holden, Ailshie and Givens, JJ., concur. Budge, J., concurs in the conclusion reached.

Petition for rehearing denied.