WAGNER v. McKERNAN et al.

No. 32647. April 8, 1947.

177 P. 2d 511.

W. M. Morrison, of Prague, and Ram Morrison, of Oklahoma City, for plaintiff in error.

John W. Tillman and Fred A. Tillman, both of Pawhuska, for defendants in error.

RILEY, J. This is an appeal from an adverse verdict and judgment in an action by plaintiff in error to recover damages for personal injuries and damages to personal property.

On February 1, 1944, plaintiff and Joe Ozeretny were riding in a truck owned by plaintiff Wagner, being driven by Ozeretny, on Highway 99, and at a place about six miles north of Prague, their truck collided with another truck owned by defendant Ted McKernan and operated by defendant Paul Shaw, McKernan's employee. Defendant's truck was hauling a load of feed to stock pens near Castle, Okla., and while going south on said highway, the left rear dual wheels came off and the truck stopped on the right side of the highway with the left rear part resting on the hub and the truck extending to about 1½ feet from the center line of the improved part of the highway, and could not be moved under its own power. Plaintiff's truck, while going south, before daylight, on the highway, collided with defendant's truck, seriously injuring plaintiff Wagner and damaging his truck. Ozeretny was less seriously injured. Both sued McKernan and Shaw, and the two cases were tried together.

Plaintiff alleged negligence on the part of defendants in that defendant Shaw had parked his truck on the west side of the highway, blocking that lane of the highway; that it had no lights burning and no other device on it to warn oncoming traffic of its presence on the highway. Defendants answered by general denial, with plea of contributory negligence. Verdict was for defendants, and plaintiff Wagner appeals.

It is first contended that the court erred in instructing the jury that plaintiff Ozeretny was the agent of plaintiff Wagner and imputing the negligence, if any, of Ozeretny to plaintiff Wagner, and in refusing an instruction requested by plaintiff instructing the jury that the negligence, if any, of one party plaintiff was not chargeable to the other plaintiff; that each plaintiff was chargeable with his own negligence.

The evidence was that plaintiffs Wagner and Ozeretny were employees of White & Hogan, oil producers; that on the day the collision occurred, they were to go near Shawnee, Okla., a distance of 20 miles, to pick up a belt house, some sheet iron, and lumber, for their employer, White & Hogan. They met at Wagoner's home about 5:30 a.m. and were to go in plaintiff Wagner's truck and were to pick up two other employees at Prague. Ozeretny volunteered to drive the truck and was driving at the time of the collision, and Wagner was sitting in the seat with the driver.

The collision occurred at 5:45 a.m. Defendant's truck was loaded with about 3,500 pounds of feed. When plaintiff's truck struck defendant's truck it moved the same forward about ten feet.

On the question of imputed negligence, plaintiff cites a number of cases, most of them being where an automobile or other vehicle was owned by one member of the family and was being driven by another member of the family on his own mission, with the owner riding as an invitee or guest, or cases where the owner had loaned his automobile to another who was using it for his own purpose and had invited the owner to ride with him.

But, in Harris v. Boling, 132 Okla. 17, 269 P. 274, it is held:

"When the owner of an automobile lends his machine to another and on invitation becomes a passenger therein, in the absence of any agreement to the contrary, the owner has the right and it is his duty to prevent, if possible, the driver from operating the machine in a reckless and dangerous manner and in violation of the law. When he has the opportunity to restrain the driver and fails to take advantage of it, he should be held responsible for the consequences."

None of the cases cited fit the facts in the instant case. Here the evidence clearly shows that Wagner and Ozeretny were engaged in a joint journey or enterprise. They were equally interested in getting to their place of employment; their interests and purpose were the same.

The general rule is clearly and tersely stated in Smith v. Wells, 326 Mo. 525, 31 S.W. 2d 1014. Therein it is said:

"It is the preponderance of juristic authority that the negligence of the driver of an automobile is not ordinarily imputable to a mere guest, or to a passenger who is riding in the automobile, but who has no authority or control either over the automobile or over the driver thereof. But it is likewise the preponderance of juristic authority that the negligence of the driver of an automobile is imputable and attributable to the owner of the automobile, especially where, as in the instant case, the owner is personally present in the automobile, and where the owner and the driver of the automobile are engaged in a joint journey or enterprise, either of business or pleasure. Such is the prevailing rule in our own state and jurisdiction."

The theory of the prevailing rule of imputable negligence is that the relation of principal and agent exists in cases where the owner and driver are engaged in a joint journey or enterprise, either of business or pleasure. There was no error in the instruction.

It is contended that the court erred in excluding a highway patrolman's accident report. The evidence shows that the patrolman reached the scene of the accident about one and three-fourths hours after it occurred. His report was made up of what was told to him as well as what he saw. Possibly there were some facts stated in the report which were not based upon hearsay but they concern matters not in dispute, such as the width and character of the improved part of the highway at the place of the accident. Hadley v. Ross, 195 Okla. 89, 154 P. 2d 939, is applicable, and holds such reports inadmissible as hearsay.

It is contended that the trial court erred in overruling plaintiff's motion made at the close of all the evidence, for a directed verdict, directing the jury to assess plaintiff's damages. This contention is without merit. There was direct conflict in the evidence as to defendants' primary negligence and there were facts and circumstances in evidence from which the jury might find contributory negligence on the part of the driver of plaintiff's truck. Both questions were properly submitted to the jury.

It is next contended that the court committed prejudicial error in refusing plaintiff's motion to declare a mistrial. In this connection, it appears that defendants' counsel asked defendant McKernan whether he owned the truck which Shaw was driving. He answered that he did. He then asked the witness: "Did you have any insurance on it?" Counsel for plaintiff objected, but the witness answered: "It had just lapsed."

Counsel for plaintiff then moved the court to declare a mistrial. The jury was sent out and counsel argued the matter to the court. The jury was recalled and the following proceedings were had:

"Gentlemen of the jury, some reference was made on some question asked the defendant McKernan, about insurance. There is nothing pleaded in the case and nothing in the case that had anything to do with insurance, and you are instructed as to whether or not any or all of these parties had the cars insured or any kind of insurance has nothing whatsoever to do with this case, and you must not consider it at all. Mr. Morrison: Our motion, then, is overruled? The Court: Yes, sir. Mr. Morrison: Give us our exception. The Court: I sustain the objection to the question."

Plaintiff cites Yoast v. Sims, 122 Okla. 200, 253 P. 504, and contends that thereunder the order denying the mistrial was reversible error. That case is not controlling. In that case and in all the cases cited in support thereof, plaintiffs sought to show that defendant carried insurance or was indemnified. The principal reason for the rule there stated is that in allowing information to go to the jury that the defendant carried insurance it increases the already strong tendency of juries to be influenced in cases of personal injury, especially where a corporation is defendant, by sympathy and prejudice.

That condition does not exist in the instant case. No corporation is involved. In most cases where the rule was applied, counsel deliberately and persistently injected the question of insurance in the case. The rule followed in the Yoast Case is severely criticized by Mr. Justice West in Howard v. Marshall Motor Co., 106 Kan. 775, 190 P. 11. The criticism there made is quoted with approval by this court in Letcher v. Skiver, 99 Okla. 269, 226 P. 1029.

Assuming that the jury had sufficient intelligence to understand the plain instruction given by the court and the integrity to follow the same, Letcher v. Skiver, supra, and Aderhold v. Bishop, 94 Okla. 203, 221 P. 752, are controlling. The latter case is almost directly in point. The only difference is that in the Aderhold Case the improper question was propounded by counsel for plaintiff, apparently in an effort to show that defendant carried insurance. The answer was that he did not. Here the question was by counsel for defendant and the answer was in effect that defendant did

not carry insurance. In the Aderhold Case, supra, it is said:

"It is possible to determine in the instant case that the jury were not adversely influenced by the question propounded by reason of the fact that the answer of the defendant himself was in the negative — that is, that they were not indemnified against liability for injuries occurring in the El Reno Sanitarium — and in no case that we have been able to find has a reversal resulted where it is possible to determine from the whole record that the jury could not have been prejudicially influenced."

In view of the evidence and the admonition and specific instruction by the court, there was no error in the refusal to declare a mistrial.

Plaintiff sets out an affidavit filed in connection with his motion for new trial, stating certain alleged misconduct of defendant in talking to some of the jurors while the case was being tried. Plaintiff said nothing about the matter at the time. If the matters complained of were prejudicial, they should have been presented at the time. Instead, a verdict was sought, The claim of misconduct was waived under the rule in Harris v. Boggess, 124 Okla. 251, 255 P. 685.

Affirmed.