238 P.2d 444

GOETZ et al. v. BURGESS.

No. 7682.

Supreme Court of Idaho.

Dec. 3, 1951.

Laurence E. Huff and Martin V. Huff, Moscow, for appellants.

188

Cox, Ware & Stellmon, Lewiston, for respondent.

PORTER, Justice.

This action arises out of an automobile accident which occurred on State Highway No. 95 about two miles north of Moscow, Latah County, on November 2, 1947, at approximately 12:25 A.M. Appellant, Lenore Goetz, was riding in a 1941 Chevrolet automobile owned and driven by Charles Goetz, Jr., son of appellants. A collision occurred between the Goetz car and a 1941 Ford Pickup truck owned and driven by respondent. Appellant, Lenore Goetz, suffered personal injuries and this action in damages was brought to recover for such injuries, for medical expenses and for damages to clothing.

By their complaint, appellants alleged the accident was the result of the negligence of respondent in driving his truck on the left-hand side of the highway and in the lane of traffic of the Goetz car. By his answer, respondent denied any negligence on his part and denied that he was driving on the wrong side of the highway. As affirmative defenses, he alleged negligence on the part of the driver of the Goetz car, contributory negligence on the part of appellant, Lenore Goetz, and negligence on the part of Charles Goetz, Jr., imputable to appellant, Lenore Goetz, in that they were engaged in a joint venture at the time of the accident. The cause came on regularly for trial before a jury which returned a verdict in favor of respondent. Judgment was entered in accordance with the verdict. Appellants moved for a new trial which motion was denied by the court. Appellants have appealed to this court from the judgment and from the order denying the motion for new trial.

At the time in question, Charles Goetz, Jr., was an unmarried man, residing at the home of his parents. He was engaged in farming in partnership with his father and one other. His automobile was included in a blanket insurance policy covering the motor vehicles used in connection with the farming operations.

On the afternoon of November 1, 1947, Charles Goetz, Jr., took his mother to Moscow, at her request, where she did some shopping and had dinner with a friend. He went back to the farm, did the evening chores, then returned to Moscow and attended a show. He called for his mother about midnight and they were re-

turning home on State Highway No. 95 when the collision occurred.

State Highway No. 95 at the scene of the accident runs generally north and south, is surfaced with black top 26 feet in width and has a yellow line down the center of the highway. On the night in question it had been raining and the black top was wet.

The Goetz car was traveling in a northerly direction at a speed of approximately 45 miles per hour. As it came over a rise in the highway, the occupants of the Goetz car observed respondent's truck approaching from the north at a distance of about 400 yards. There is a gradual curve in the highway between the points where the cars were then located and as the cars approached each other it appeared to the occupants of the Goetz car that respondent's truck was traveling on the wrong side of the highway. Mrs. Goetz said to her son, "That car is on our side of the road." She did not suggest that he stop the car or turn out to the right hand side of the road and did not say anything more to him "because I was afraid I would confuse him with him trying to avoid a collision."

Charles Goetz, Jr., testified that he dimmed his lights, slowed down his car to 15 or 20 miles per hour and that as the cars approached each other the respondent's truck was on the wrong side of the highway. That he turned to the left, that respondent turned to his right, then both turned back, and this maneuver was repeated two or three times. That finally he speeded up the Goetz car, turned it to the left and attempted to pass on the left side of respondent's truck. The front end of respondent's truck, on the right side thereof, came in collision with the right front door of the Goetz car. The collision occurred on the west side of the yellow line of the highway and in the lane of traffic of respondent's truck.

Respondent testified he was living at the home of Mr. Rogers located just north of the scene of the accident. That he drove on to the highway from the Rogers' place on his way to work in Moscow. That he was driving his pickup in second gear at a speed of about 15 miles per hour. That he was driving on the extreme right-hand side of the black top and at no time drove in the lane of traffic of the Goetz car.

It is suggested in the testimony that when the two cars first came in view of each other, due to the curve in the highway, it might erroneously appear to the occupants of the Goetz car that respondent's truck was being driven on the wrong side of the highway.

The assignments of error by appellants are numerous, subdivided and, to a degree, repetitious. We will not consider each assignment separately but will consider the material questions raised.

Appellants contend the trial court erred in denying their motion for new

trial based on the ground of misconduct of a witness and a juror. Both attorneys for appellants filed affidavits to the effect that they saw a juror talking with a witness for respondent in the courtroom while the jury was excused from attendance and at a time when appellants were about to make a motion for directed verdict. Charles Goetz, Jr., and Charles Goetz, Sr., made affidavits that they saw the same juror talking with the same witness upon two or three occasions during the course of the trial. The affidavit of Charles Goetz, Jr., also shows that he saw such juror during an intermission, in conversation with an insurance man who it is alleged carried insurance on respondent's pickup. There is no showing whatever that the juror was talking to the other parties to the conversations about anything connected with the case on trial. Furthermore, the fact of these conversations was known to appellants and their attorneys prior to the submission of the case to the jury. No motion for a mistrial was made or the court otherwise asked to consider the matter. If appellants considered such matters prejudicial they should have been presented to the court prior to the submission of the case to the jury; instead, they sought a verdict and thereby waived the claim of misconduct. In Wagner v. McKernan, 198 Okl. 425, 177 P.2d 511, at page 514, it is said: "Plaintiff sets out an affidavit filed in connection with his motion for new trial, stating certain alleged misconduct of defendant in talking to some of the jurors while the case was being tried. Plaintiff said nothing about the matter at the time. If the matters complained of were prejudicial, they should have been presented at the time. Instead, a verdict was sought. The claim of misconduct was waived under the rule in Harris v. Boggess, 124 Okl. 251, 255 P. 685."

Instruction No. 9 and Instruction No. 10 given by the court were as follows:

"Instruction No. 9

"You are instructed that Section 49–511, I.C., provides: 'Meeting of vehicles.— Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other at least one-half of the main traveled portion of the roadway as nearly as possible.'"

"Instruction No. 10

"You are instructed that the law of this state requires drivers of vehicles proceeding in opposite directions to pass each other to the right, each giving to the other at least one-half of the main travelled portion of the roadway as nearly as possible.

"You are further instructed that it is the duty of the driver of an automobile to at all times exercise care in the operation of such vehicle. This means, to have said car under control and on the right half of the highway when meeting and attempting to pass other cars, and also to keep a reasonable lookout for other vehicles that might be traveling said highway so as to meet and pass to the right of such vehicles so as to prevent a collision."

Appellants complain of Instruction No. 10 as unnecessarily reiterating and emphasizing Instruction No. 9; also, that it fails to include the sudden emergency rule and is in direct conflict with the last sentence in Instruction No. 11, which reads as follows: "The vehicle law, by the rule in question, anticipates that ordinarily cars meeting on the highway should pass each other to the right."

It does not appear that Instruction No. 10 prejudicially emphasizes the statute set out in Instruction No. 9. Further, the court is not required to set out all the law applicable to the facts in the case in one instruction. Instructions are to be considered by the jury as a whole in ascertaining what the law is for their guidance. State v. Livesay, 71 Idaho 442, 233 P.2d 432; French v. Tebben, 53 Idaho 701, 27 P.2d 474; Burns v. Getty, 53 Idaho 347, 24 P.2d 31; Breshears v. Callender, 23 Idaho 348, 131 P. 15; Quirk v. Sunderlin, 23 Idaho 368, 130 P. 374. In Kelly v. Troy Laundry Co., 46 Idaho 214, at page 221, 267 P. 222, at page 224, this court said: "This court has repeatedly held that a judgment will not be reversed for the reason that an instruction does not state all the law applicable to the facts of the case when it appears that other instructions given, in themselves or in connection with others given, do correctly state the law."

The court covered the sudden emergency rule by Instructions No. 13 and No. 14 which are as follows:

"Instruction No. 13

"Where one car is being operated in the right of way of another, it is the right of the driver of the car whose right of way is thus occupied to avail himself of an apparent opportunity to avoid a collision. In such reasonable attempt to avoid an impending collision, one may turn to the left beyond the center line of the road without necessarily offending against the law of negligence though he fail to avoid the collision. Whether or not he is guilty of negligence in taking the course he pursued is dependent on whether or not he acted as a reasonably prudent person would have acted under the same circumstances."

"Instruction No. 14

"In time of imminent danger, a person is not necessarily negligent because he fails to take every precaution or adopt every means of safety that a careful calculation subsequently shows he might have adopted."

Appellants complain because the court did not give their requested instructions covering the sudden emergency rule. Conceding that the requested instructions were correct statements of law, it was not error for the court to refuse to give such requested instructions where the court sufficiently covered the subject matter thereof as in this case by the instructions given. Burns v. Getty, supra; Breshears v. Callender, supra. In Landholm v. Webb, 69 Idaho 204, at page 208, 205 P.2d 507, at page 509, we said: "Assignments numbered

192

four, five, six, seven, eight and nine allege error in the court's refusal to give a number of defendant's requested instructions. While several of these requested instructions are doubtless correct statements of the law, they in part constitute a ringing of the changes and are substantially covered by the instructions given; and there was no error in refusing to give the requests."

Appellants urge that the court should not have instructed the jury upon the issue of contributory negligence on the part of appellant, Lenore Goetz, or upon the issue of imputable negligence arising out of joint venture. These issues were raised by the answer of respondent. There was some, though meager, evidence to sustain them. Appellants recognized these issues in the trial of the case and requested instructions covering such issues. Appellants' Requested Instructions Nos. 9 and 10 with the Court's endorsements thereon are as follows:

"Instruction No. 9

"A guest or passenger in a vehicle driven or operated by another is not ordinarily bound by the negligence of the driver or operator. The family relationship or business association of the driver and guest rider do not of themselves identify the guest rider with the driver so as to impute to the guest rider the driver's alleged contributory negligence.

"I instruct you further that the family relationship between Charles Goetz, Jr., and the plaintiff, Lenore Goetz, or the business association, if any there was, between Charles Goetz, Jr., and his father, Charles Goetz, Sr., do not of themselves identify the plaintiffs with Charles Goetz, Jr., so as to impute to them his alleged contributory negligence, if any there was.

"Substantially covered by
#17 to #20 inclusive
"D. H. Sutphen
"Judge

"Instruction No. 10

"I instruct you further that the occupant of a motor vehicle is not required to warn the driver of what the driver already knows and appreciates, nor is he ordinarily under obligation to point out obstacles or dangers which would be apparent to any reasonably careful driver.

"I instruct you further that if you find from the evidence that the defendant was operating his car wholly or partly in the right of way of the car being driven by Charles Goetz, Jr., and that Charles Goetz, Jr., saw the defendant so operating his car and was fully aware of the fact, the plaintiff, Lenore Goetz, had no duty to warn the driver, Charles Goetz, Jr., of such facts.

"Substantially covered in
#23 & #25
"J. H. Sutphen
"Judge"

Appellants now take the anomalous position it was error for the court to instruct on such issues and likewise it was error for the court to refuse to give their requested

instructions covering same. In Dawson v. Salt Lake Hdw. Co., 64 Idaho 666, at page 674, 136 P.2d 733, at page 736, it is said: "It thus appears appellants requested an instruction submitting to the jury the question as to whether Temple Dawson had, by any 'acts or the failure to act,' 'contributed directly to the accident.' Where, as here, appellants themselves requested an instruction on contributory negligence and the parties tried the case in the lower court upon the theory contributory negligence was a defense and the parties on the trial below requested specific instructions relative to contributory negligence, a contrary contention cannot be asserted for the first time on appeal. 'Litigants must present the issues in this court on the same theory they were presented in the lower court.' French v. Tebben, 53 Idaho 701, 706, 27 P.2d 474, 476; Rollefson v. Lutheran Brotherhood, 64 Idaho 331, 132 P.2d 758; Gibbs v. Claar, 58 Idaho 510, 519, 75 P.2d 721; Aetna Cas. & Sur. Co. v. Wedgwood, 57 Idaho 682, 687, 69 P.2d 128; Idaho Gold Dredging Corp. v. Boise Payette L. Co., 52 Idaho 766, 776, 22 P.2d 147."

In State v. Livesay, supra [71 Idaho 442, 233 P.2d 436] appellant urged that it was error for the court to instruct on the law of self-defense as the same was not an issue in the case. We said: "The appellant submitted instructions covering the law of self defense, therefore the instruction given cannot be said to be foreign to any issues presented."

It was not prejudicial error for the court to instruct upon the questioned issues.

Upon motion of respondent, the jury was permitted by the court to view the scene of the accident. Appellants objected to the motion on the ground the premises were not in the same condition at the time of the trial as they were at the date of the accident and also for the further reason that the jury should be taken to the scene of the accident after dark. The record discloses there had been no material change in the highway. The granting of a motion for the jury to view the premises lies within the sound discretion of the trial court. Section 10-209, I. C. In Hughes v. Hudelson, 67 Idaho 10, at page 19, 169 P.2d 712, at page 717, we said: "It is a matter within the sound discretion of the trial judge, as to whether or not he will direct the jury to view the premises."

There is no showing in the record of any abuse of discretion by the trial court in allowing the jury to view the premises.

We have considered the other assignments of error by appellants and find them without sufficient merit to require discussion. The judgment of the trial court is affirmed. Costs are awarded to respondent.

GIVENS, C. J., and TAYLOR and THOMAS, JJ., concur.

KEETON, Justice (dissenting).

I am unable to concur in the majority opinion. My reasons for dissenting are briefly as follows:

194

The instructions complained of in this case were probably, as abstract propositions of law, substantially correct. However, instructions relative to the law of the road and those given which might apply to an emergency, in case one existed, were in direct conflict with each other, and there was no clarifying instruction given.

Without explaining the situation to the jury and advising it that the law of the road would not apply if an emergency were shown to exist, and the collision complained of occurred because of the peril in which the driver of the Goetz car was placed because of the negligent acts of the respondent in driving his truck on the wrong side of the road, it is reasonably probable to suppose that the jury could and did fall into error as to the real meaning of the conflicting or confusing instructions given.

It is error to give instructions that may tend to confuse or mislead the jury, especially where the evidence is conflicting and permits speculation, or contains only a partial statement of the law and leaves the correct rule to be applied subject to speculation or argument. Conflicting instructions should not be given even though such instructions are proper in substance.

Instructions given by the court covering rights and liabilities where parties are engaged in a joint venture were erroneous for the reason that appellant and her son were engaged purely in a social and pleasure trip, which had nothing whatever to do with the farming enterprise in which Goetz, Jr., and Goetz, Sr., and others were engaged. The instructions are inapplicable to the case, hence confusing and misleading.

The instructions given by the trial court covering contributory negligence on the part of Mrs. Goetz were also inapplicable to the cause. Just how the appellant, Mrs. Goetz, could have been guilty of contributory negligence which contributed in any degree to the damage and injury complained of, I am unable to determine.

From the time the emergency arose, a very few seconds could have elapsed, estimated by the appellants' witness to be about four seconds, and there was neither time nor opportunity, under the circumstances presented, for Mrs. Goetz to do anything to avoid the collision. She called attention to the approaching car and did nothing further as she did not want to confuse the driver. There was no time to stop the car or protest further. There was no testimony to sustain the contention that she was, or could be, guilty of contributory negligence. She was not in control of the Goetz car at the time of the collision. Without some evidence, or reasonable inference therefrom, to show something she should or could have done to avoid the collision, the instructions covering contributory negligence on her part were inapplicable to the case.

Instructions should be confined to the issues presented by the evidence and where there is no evidence upon an issue, or

where the instruction covers matters not raised by the evidence, same should not be given even though such instructions may state correct abstract propositions of law. 64 C.J. 760, Sec. 657.

Clarifying instructions requested by the appellant were applicable to the cause and should have been given. The judgment should be reversed.