903 P.2d 1303

**Jose VEGA and Leobardo Vega, Plaintiffs–Appellants,**

v.

**Brad NEIBAUR, Defendant–Respondent.**

**No. 20981.**

Supreme Court of Idaho,
Twin Falls, November 1994 Term.

Feb. 17, 1995.

Rehearing Denied June 22, 1995.

E. Lee Schlender, Hailey; Raymundo G. Pena, Rupert, for appellants. E. Lee Schlender argued.

Merrill & Merrill, Pocatello, for respondent. David C. Nye argued.

McDEVITT, Chief Justice.

## I.

### BACKGROUND AND FACTS

Jose Vega (Vega) and his wife, Leobardo Vega, brought suit against Brad Neibaur (Neibaur) to recover for injuries Vega received while working with farm equipment owned by Neibaur. The case was tried to a jury, and, on September 8, 1993, the jury returned a verdict finding that Vega suffered $30,000 in damages as a result of the accident, and finding Vega thirty-five percent comparatively negligent. The trial court thanked the jury for their service and stated that the jury was discharged. As the court was thanking the jury for their participation, the following exchange took place between the district court and the jury's foreman:

THE COURT: Ladies and gentlemen, I thank you—

JUROR COOPERSMITH: Judge Hart, I believe we've made an error.

THE COURT: Do you wish to go back?

JUROR COOPERSMITH: Yes. May we please return to the room for a minute?

THE COURT: Any objection counsel? All right. Mr. Bailiff would you return the verdict form to the foreman and notify me when you're ready?

JUROR COOPERSMITH: We had an intent as the jury and I believe that we've erred in our calculations.

THE COURT: All right.

JUROR COOPERSMITH: May we return?

THE COURT: Yes.

The jury returned with a verdict that found damages totalling $46,000, with the same apportionment of negligence between the parties. After reducing the award for Vega's comparative negligence, the district court entered an order of judgment awarding Vega $29,900 and costs. Neibaur then filed a motion to alter or amend the judgment, requesting that the trial court amend the judgment to reflect the award originally returned by the jury. The trial court granted Neibaur's motion, amending the verdict to reflect the total damages stated on the verdict first returned by the jury. Vega appeals the trial court's decision to reduce the damage award from the amount stated on the jury's second verdict.

## II.

### THE TRIAL COURT ERRED BY GRANTING NEIBAUR'S MOTION TO AMEND THE JUDGMENT

■ The sole issue presented by this appeal is whether the trial court erred by al-

lowing the jury to return to their deliberations and issue an amended verdict after the trial court discharged the jury. When the jury returned the verdict, the clerk read the verdict to the jury and the trial court asked the jury whether the verdict was theirs. The jury affirmed that the verdict read by the clerk was their verdict, and the trial court discharged the jury in compliance with I.R.C.P. 48(b).

 Before returning the jury to their deliberations, the trial court expressly asked whether either party objected to this procedure. Neibaur consented to the procedure at this time. Similarly, the record discloses no objection to the trial court's acceptance of the amended verdict and discharge of the jury. Having expressly consented to the procedure followed by the trial court, Neibaur cannot later claim that the procedure was erroneous. The long held rule in this state is that:

> "Where a party voluntarily adopts a certain form of procedure or agrees to the manner in which his rights shall be submitted for determination in the trial court, he will not be permitted to complain on appeal or error, that proceedings had in conformity thereto were erroneous."

*Frank v. Frank*, 47 Idaho 217, 221, 273 P. 943, 944 (1929) (*quoting* 4 C.J. § 2627); *see also Goetz v. Burgess*, 72 Idaho 186, 190, 238 P.2d 444, 446 (1951) (failure to object to juror misconduct observed during trial waives the right to later object to the jury's verdict on that basis).

Although the trial court had received the verdict and discharged the jury, the parties agreed to allow the jury to resume their deliberations. Following those deliberations, the jury returned an amended verdict, which the trial court, again without objection, accepted. The trial court properly entered the order of judgment on that verdict pursuant to I.R.C.P. 58(a). Because there was no recognizable error in the district court's original order of judgment, the district court erred in granting Neibaur's motion to alter or amend that judgment. *See First Sec.*

*Bank of Idaho v. Webster*, 119 Idaho 262, 266, 805 P.2d 468, 471 (1991) ("The purpose of motions [to alter or amend a judgment] is 'to allow the trial court ... to correct errors of both fact and law that had occurred in its proceedings.'") (*quoting First Sec. Bank v. Neibaur*, 98 Idaho 598, 603, 570 P.2d 276, 281 (1977)).

## III.

## CONCLUSION

The district court's order granting Neibaur's motion to alter or amend the judgment is reversed. Costs on appeal to appellant.

JOHNSON, TROUT and SILAK, JJ. and WOODLAND, J. Pro Tem, concur.