508 P.2d 550

**CITIZENS FOR BETTER GOVERNMENT, an Association of Valley County, Idaho, Plaintiff-Respondent,**

v.

**COUNTY OF VALLEY, a Political Subdivision of the State of Idaho, Defendant-Appellant.**

**No. 11094.**

Supreme Court of Idaho.

April 4, 1973.

W. Anthony Park, Atty. Gen., J. Dennis (J. D.) Williams, Deputy Atty. Gen., Peter Heiser, Jr., Asst. Atty. Gen., State of Idaho, and Ward Hower, Pros. Atty., Valley County, Idaho, for defendant-appellant.

Allen R. Derr, of Derr, Derr, Walters & Cantrill, Boise, for plaintiff-respondent.

McFADDEN, Justice.

The Citizens for Better Government, an association of Valley County, Idaho (plain-

tiff-respondent), instituted this action seeking a declaratory judgment that Zoning Ordinance No. 2–71 of the County of Valley (defendant-appellant) was void. The Board of County Commissioners of Valley County enacted this ordinance on March 4, 1971.

In its complaint respondent alleges that the county adopted ordinance 2–71 without holding public hearings as required by statute. Both parties moved for summary judgment. The trial court issued its memorandum decision, ruling that a county in adopting zoning regulations must comply with the provisions of I.C. § 50–1204 which require a public hearing and fifteen days notice by publication of the time and place of such hearing. The trial court entered summary judgment in favor of the plaintiff. The county appealed from the summary judgment granted in favor of the respondent and appealed from the trial court's order denying the county's motion for summary judgment.

■ The issue presented by this appeal is whether the county may adopt zoning regulations without complying with the provisions of I.C. § 50–1204.[1] In 1957 the legislature enacted what is now Title 31, Chapter 38, of the Idaho Code (amended by S.L.1961, Ch. 221). This chapter deals with the authority of counties to enact zoning regulations. As amended by S.L. 1967, Ch. 368, I.C. § 31–3801 provides in pertinent part that the board of county commissioners of each county is "hereby authorized and empowered to exercise for its county all the powers granted to the legislative bodies of cities and villages by

sections 50–401 through 50–409 [50–1201 through 50–1209], Idaho Code, * * *."[2]

I.C. § 50–1204 (n. 1, supra) is part of the chapter authorizing cities to enact zoning regulations and establishes certain methods of procedure to that end. This procedural provision is made applicable to county zoning authority by I.C. § 31–3801.

Appellant contends that zoning is an exercise of its police power granted under Idaho Const. Art. 12, § 2:

"Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws."

Appellant urges that under this provision a county may enact zoning ordinances without complying with the statutory requirements (I.C. § 50–1204) of a public hearing following published notice. Appellant also contends that State v. Clark, 88 Idaho 365, 399 P.2d 955 (1965), is authority for the proposition that the county may enact zoning ordinances under the constitutional grant of authority contained in Idaho Const. Art. 12, § 2.

In State v. Clark, supra, a criminal case, this Court considered whether a county had authority to enact a county subdivision ordinance, whether such ordinance was ambiguous and whether the county unlawfully delegated its legislative authority in administering the ordinance. This Court upheld a conviction based on a violation of this ordinance. That opinion simply held that under the authority of Idaho Const. Art. 12, § 2, the county could enact such a

---

1. I.C. § 50–1204:

"The city council shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established, enforced, and from time to time amended, supplemented or changed. However, *no such regulations, restriction or boundary shall become effective until after a public hearing in relation thereto*, at which parties in interest shall have an opportunity to be heard. At least fifteen (15) days' notice of the time and place of such hearing shall be published in the official newspaper of such city." (Emphasis added.)

2. In 1967 subsequent to enactment of S.L. 1967, Ch. 368, amending I.C. § 31–3801, the legislature repealed the provisions of what was then designated as I.C. §§ 50–401 through 50–409, and reenacted them, now designated as I.C. §§ 50–1201 through 50–1209. S.L.1967, Ch. 429, §§ 209 through 217.

subdivision ordinance. Therein the Court stated:

> "A county has authority to make police regulations *not in conflict with the general laws,* co-equal with the authority of the legislature to pass general police laws. Clyde Hess Distributing Co. v. Bonneville County, 69 Idaho 505, 210 P. 2d 798; Rowe v. City of Pocatello, 70 Idaho 343, 218 P.2d 695." 88 Idaho at 373, 399 P.2d at 959. (Emphasis added.)

In the instant case there is no issue concerning the source of authority for a county to regulate a subject matter. Rather, the question here is whether the county must exercise its zoning authority in a manner "not in conflict" with the statutory procedural requirements.

In asserting that Idaho Const. Art. 12, § 2, authorizes a county to enact zoning regulations without regard to statutory procedural requirements, appellant urges that Valley County's zoning regulations simply do not conflict with general law. Apparently, by this contention, appellant means that unless a county police regulation conflicts with a general law in the scope or nature of the subject matter there is no conflict.

 Idaho Const. Art. 12, § 2, authorizes a county *to make* police regulations not in conflict with the general laws. Although the appellant restricts the definition of a "general law" to laws defining the scope and nature of matters subject to regulation, the definition of "general law" under Idaho Const. Art. 12, § 2, is not so narrowly limited. The authority "to make" regulations comprehends not only the nature and scope of the subject matter of the regulation in relation to the general laws, but also the method and manner of its adoption. The authority "to make" police regulations as used in the constitution includes the procedure for their adoption, which must not be in conflict with the general laws. A general law may confer direct authority to act as well as supply procedural requirements for the adoption of police regulations under Art. 12, § 2.

 It is a well settled principle that notice and hearing requirements in zoning enabling acts are conditions precedent to the proper exercise of the zoning authority. Hart v. Bayless Investment & Trading Co., 86 Ariz. 379, 346 P.2d 1101 (1959); Holly Development, Inc. v. Board of County Comm'rs, 140 Colo. 95, 342 P.2d 1032 (1959). See, Annot., 96 A.L.R.2d 449 (1964). In considering an analogous constitutional provision in relation to statutory requirements of notice in a zoning enabling act the Supreme Court of California stated:

> "When the statute requires notice and hearing as to the possible effect of a zoning law upon property rights the action of the legislative body becomes quasi judicial in character, and the statutory notice and hearing then becomes necessary in order to satisfy the requirements of due process and may not be dispensed with." Hurst v. City of Burlingame, 207 Cal. 134, 277 P. 308, 311 (1929).

Cf. Johnston v. Board of Sup'rs of Marin County, 31 Cal.2d 66, 187 P.2d 686 (1947).

 It is the conclusion of the Court that the notice and hearing requirements of I.C. § 50–1204 are mandatory, and that the trial court properly granted respondent's motion for summary judgment.

Judgment for respondent affirmed. Costs to respondent.

DONALDSON, C. J., SHEPARD and McQUADE, JJ., concur.

FELTON, D. J., dissents, without opinion.