790 P.2d 343

David C. PALMER and Victoria Palmer, husband and wife, Plaintiffs–Appellants,

v.

BOARD OF COUNTY COMMISSIONERS OF BLAINE COUNTY, Idaho, Defendant–Respondent.

No. 17704.

Supreme Court of Idaho.

Feb. 21, 1990.

Rehearing Denied May 15, 1990.

Ellis, Brown & Sheils, Chartered, Boise, for plaintiffs-appellants. Allen B. Ellis argued.

Hamlin & Sasser, Boise, for defendant-respondent. A. René Fitzpatrick argued.

JOHNSON, Justice.

This is a zoning case. The dispositive issue presented is whether the Palmers, who were ordered to stop work on a residence for which a building permit had previously been issued, failed to exhaust their administrative remedies before bringing this action. We hold that the Palmers failed to exhaust the administrative remedies available to them under the Local Planning Act of 1975. We affirm the dismissal of the complaint on that ground, but specify that the dismissal shall be without prejudice to the refiling of a petition for review or a complaint for damages, or both, after administrative remedies have been exhausted.

I.

THE BACKGROUND AND PRIOR PROCEEDINGS.

In April 1985 the Palmers applied to Blaine County for a permit to construct a residence near the Picabo airport. The plans for the residence were submitted by the Palmers to the county building inspector. After an inspection of the building site, a building permit was issued under the authority and with the approval of the board of commissioners of Blaine County. The permit included this special notice: "This building permit may, at the option of Blaine County, be declared null and void if the builder is proven to be in violation of Ordinance No. 77–5 or other statutes regulating construction within Blaine County, Ida." The Palmers then began construction of the residence.

In April 1986, while construction of the residence continued, the county building department issued a stop work order stating: "Any further work on this job is prohibited by law until the following requirements have been met: ... Correction of Zoning Ordinance Violation (Contact Zoning Official)." At the same time the county planning director sent the Palmers a letter stating:

There is a serious problem with the height and location of the house and electrical pole you are building at the end of the Picabo airport runway. Please stop construction work immediately and contact this office.

In all of the discussions we had on your lot, you never mentioned the fact that you were only 500 feet east of the runway. I'm including a copy of Section 18 of the Blaine County Zoning Ordinance 77–5. In addition, there are FAA regulations that apply.

Ordinance 77–5 prohibited the construction of a residence within the "Primary Safety Zone" at the end of the runway at the Picabo airport. It is admitted that the site where the Palmers were building their residence was in the "Primary Safety Zone."

On May 9, 1986, the county planning director wrote to the Palmers stating that he would like to have them come to discuss their "house problem" with the county commissioners on May 13, 1986. The Palmers met with the county commissioners at their regular meeting on May 13th to discuss the location of their house. The commissioners stated that they would like to see the house moved to the other side of the runway. The county planning director was to research the cost of moving the house.

At a continuation of the regular meeting of the commissioners later in May, an attorney representing the Palmers met with the commissioners to discuss the house. The commissioners stated that the house was too near the airport and should be moved. Reference was made to a proposal that had been sent to the Palmers by the county planning director concerning moving the house. This proposal was not acceptable to the Palmers. The Palmers suggested that the runway be moved. The commissioners refused to consider moving the runway. Instead they took action to obtain the most reasonable cost to have the house moved to another location.

At the regular meeting of the county commissioners in September 1986, the attorney for the Palmers appeared and stated that nothing had happened concerning the house since the meeting of May 30, 1986, except that the Palmers had filed a notice of tort claim requesting $70,000.00 in damages from the county because of the stop work order. The commissioners denied the claim.

Two weeks later the Palmers filed a verified complaint initiating this action. The complaint alleged that between the issuance of the building permit and the stop work order the Palmers had expended $20,000.00 in justifiable reliance on the building permit. The Palmers asserted that they had a vested right to continue construction of the residence and that the county was estopped to halt the construction. Based on these allegations, the Palmers sought an order of the district court "nullifying" the stop work order and allowing them to continue construction. The Palmers also sought damages for the loss of time in construction, for rental of a substitute home and for moving the house, together with attorney fees.

In its answer the county denied liability, prayed for dismissal of the complaint on various grounds and requested a jury trial. The trial court scheduled the case for a jury trial. Before trial the county moved for summary judgment. In his argument in opposition to the motion the attorney for the Palmers characterized the action as "a tort claims case," not "an appeal." The trial court granted summary judgment dismissing the complaint with prejudice on three grounds. One of these grounds was that the Palmers did not comply with the provisions of two sections (I.C. §§ 67–6519 and 67–6521) of the Local Planning Act of 1975 and with one section (I.C. § 67–5215) of the Idaho Administrative Procedure Act.

The Palmers obtained new counsel and moved to alter and amend the judgment, in part on the ground that they had complied with the provisions of I.C. §§ 67–6519 and 67–5215. Among other things, they also sought a remand of the matter to the county commissioners with instructions for the commissioners "to create the necessary record" of findings of fact and conclusions of law. In denying this motion the trial court ruled that the failure of the Palmers to seek judicial review of the stop work order precluded further appeal. The court also held that a record of the findings and conclusions of the commissioners was not required because the complaint did not indicate that the Palmers sought judicial review of a decision of the commissioners.

The Palmers then appealed the summary judgment and the denial of the motion to alter and amend the judgment.

## II.

### THE PALMERS DID NOT EXHAUST THEIR ADMINISTRATIVE REMEDIES BEFORE BRINGING THIS ACTION.

The Palmers assert that they exhausted their administrative remedies under the Local Planning Act of 1975 (the Act), particularly I.C. §§ 67–6519 and 67–6521, before bringing this action. We disagree.

I.C. § 67–6519 concerns the permit granting process. It specifies the procedures to be followed when an application is made for a permit required or authorized by the Act. I.C. § 67–6521 concerns actions by "an affected person," which is defined to mean "one having an interest in real property which may be adversely affected by the issuance or denial of a permit." It provides that an affected person may at any time prior to final action on a permit petition in writing for a hearing pursuant to I.C. § 67–6512.

Here, there is no challenge to the validity of Ordinance 77–5 that prohibits the construction of a residence in the Primary Safety Zone of an airport. It is admitted that the site of the residence for which the Palmers obtained a permit in April 1985 was in the Primary Safety Zone of the Picabo airport. The stop work order was not issued by the county commissioners but by the county building department. It did not constitute final action by the county commissioners that was subject to judicial review. Also, there is no evidence that the county commissioners declared the building permit issued to the Palmers null and void, as the permit itself permitted them to do. In any event, the Palmers had other administrative remedies available to them under the Act.

Under I.C. § 67–6512 a special use permit "may be granted to an applicant if the proposed use is otherwise prohibited by the terms of the ordinance." The Palmers could have applied for a special use permit under I.C. § 67–6512 to permit them to construct the house in the Primary Safety Zone. This application and a hearing, if requested, were remedies that were available to the Palmers under the Act.

There is no evidence in the record before us indicating that the Palmers ever applied for a special use permit. The discussions that the Palmers and their attorney had with the county commissioners in May and September 1986 cannot be characterized as such an application. There is no indication in the minutes of those meetings that an application for a special use permit had been made or that a hearing was being held on such an application. The action taken by the commissioners at the meeting on September 8, 1986, does not refer to an application for a special use permit or the denial of such an application. Therefore, we can only conclude that the Palmers never applied for a special use permit.

This Court has frequently announced that except in unusual circumstances parties must exhaust their administrative remedies before seeking judicial recourse. In *Grever v. Idaho Telephone Co.*, 94 Idaho 900, 903, 499 P.2d 1256, 1259 (1972), we said:

Not only must a problem within the specialized field of the administrative agency be first presented to the agency rather than the courts, but the doctrine of exhaustion of administrative remedies

generally requires that the case run the full gamut of administrative proceedings before an application for judicial relief may be considered.

Since the Palmers did not apply for a special use permit and obtain a decision of the county commissioners on that application, they did not exhaust their administrative remedies under the Act. The Act commits to local units of government the authority over planning and zoning matters. It is the county through its planning and zoning commission and the county commission that should make the decision whether a special use permit should be issued. Only after the exhaustion of remedies provided under the Act and under local ordinances may an unsuccessful applicant or an affected person seek judicial review. I.C. §§ 67–6519 and 67–6521(d). For this reason we affirm the dismissal of the complaint. The dismissal will be without prejudice to the filing of a petition for review by the district court or a complaint for damages, or both, after the Palmers have exhausted their administrative remedies.

### III.

### CONCLUSION.

The dismissal of the complaint is affirmed on the ground that the Palmers did not exhaust their administrative remedies under the Local Planning Act. The dismissal is without prejudice.

We award no costs or attorney fees on appeal.

BOYLE and McDEVITT, JJ., concur.

BAKES, Chief Justice, concurring specially:

I concur with the majority opinion's affirming the trial court's dismissal of the complaint filed by the appellants. However, I disagree with this Court's proviso that, "The dismissal will be without prejudice to the filing of a petition for review by the district court or complaint for damages, or both, after the Palmers have exhausted their administrative remedies."

My basic disagreement with the Court's opinion is with the opening description that, "This is a zoning case." The attorney for the plaintiff appellants emphatically denied before the trial court that the complaint which he filed was a petition for review of a zoning decision. Rather, the plaintiff argued that this was a tort claim action filed against the county for its negligent handling of the plaintiffs' building permit. Our cases have uniformly held that parties are bound by the theories to which they presented the case in the trial court. *Ross v. Coleman*, 114 Idaho 817, 761 P.2d 1169 (1988); *Masters v. State*, 105 Idaho 197, 668 P.2d 73 (1983); *Eastern Idaho Loan & Trust Co. v. Blomberg*, 62 Idaho 497, 113 P.2d 406 (1941); *Aetna Casualty & Surety Co. v. Wedgwood*, 57 Idaho 682, 69 P.2d 128 (1937); *Idaho Gold Dredging Corp. v. Boise Payette Lumber Co.*, 52 Idaho 766, 776, 22 P.2d 147, 150 (1933) ("[T]he parties to an action are bound by the theories on which they try it."). Since the plaintiff clearly advised the trial court that his action was in tort, and was not a petition for review of a zoning decision, this Court ought to review only one issue on appeal, and that is whether or not the trial court properly granted summary judgment because there was no evidence to support a tort claim against the county.

The majority affirms the trial court's dismissal, but on the basis that the Palmers did not exhaust their administrative zoning remedies before bringing the action, which in effect is treating plaintiffs' complaint as a petition for review of an administrative zoning decision under Administrative Procedures Act, I.C. § 67–6519; I.C. § 67–5215(b)–(g). However, since appellants took the position in the trial court that their complaint was asserting a tort claim, and was not a petition for review of a zoning decision, the trial court did not err in dismissing with prejudice the only claim that was before it, *i.e.*, the tort claim against the county.

BISTLINE, Justice, dissenting:

I agree with the majority that parties should be required to exhaust their administrative remedies before seeking judicial

review of zoning and building permit issues. However, I am not convinced that such a requirement even applies in this case, and even if it does, I cannot agree with the majority that the Palmers failed to fulfill that requirement.

First, Idaho Code §§ 67–6519 and 67–6521 both provide that a person "aggrieved by a decision may within sixty (60) days after all remedies have been exhausted under local ordinances seek judicial review under the procedures provided by sections 67–5215(b) through (g) and 67–5216, Idaho Code." Pursuant to these provisions, anyone disputing the grant or denial of a permit must jump through all the hoops of the local ordinances before hailing the county into court. But the Palmers *were not disputing the grant or denial of a permit.* They were not seeking review of a permitting decision at all.[1] Rather, the Palmers were asserting *damages* alleged to have been caused by their reliance on the grant of a permit. Damage allegations are properly asserted in a tort action, which is precisely what the Palmers filed and the district court improperly dismissed.

Second, even assuming *arguendo* that I.C. § 67–6519 and 67–6521 do apply to the Palmers' situation, neither the district court nor the majority of this Court has provided a satisfactory explanation of what administrative remedy the Palmers failed to pursue. The majority opinion states that the Palmers' suit must be dismissed because they failed to apply for a special permit. There is *no requirement* in either of these statutory sections that a person whose application for a permit is denied must apply for a different type of permit before the prior denial can be appealed. The statutes require only that "all remedies [be] exhausted *under local ordinances....*" (Emphasis added.) Nowhere in the record is there a copy of the applicable local ordinances of Blaine County. Nowhere in either the district court's decision or the majority's opinion is there any refer-

ence to the remedies under those local ordinances which the Palmers failed to avail themselves of prior to instituting this action. It must therefore be concluded that they did in fact exhaust their remedies. The Palmers' action should be reinstated.

---

1. The majority and the district court both concede that the Palmers were not seeking the review contemplated by Idaho Code §§ 67–6519 and 67–6521: "The court also held that a record of the findings and conclusions of the commis- sioners was not required because the complaint did not indicate that the Palmers sought judicial review of a decision of the commissioners." 117 Idaho at 564, 790 P.2d at 345.