799 P.2d 969

**JEROME COUNTY, By and Through the BOARD OF COMMISSIONERS FOR JEROME COUNTY, STATE of IDAHO,**

**Plaintiffs-Respondents,**

**and**

**Ken Vanderham and Jane Doe Vanderham, husband and wife, Defendants–Respondents,**

**v.**

**Paul C. HOLLOWAY and Jane Doe Holloway, husband and wife, Defendants–Appellants.**

**No. 18167.**

Supreme Court of Idaho.

Oct. 25, 1990.

E. Lee Schlender, Hailey, for defendants-appellants.

Eugene D. Fredericksen, Jerome, for defendants-respondents Vanderham.

John L. Horgan, Jerome, for plaintiff-respondent Jerome County.

McDEVITT, Justice.

The Jerome County zoning ordinance in question was adopted in December of 1984.

Subsequently, the County Commissioners held a public hearing to get public reaction to the ordinance. Pursuant to this hearing, the Commissioners decided that amendment of some of the ordinance's provisions would be required. On January 31, 1985, the County Commissioners published a notice of hearing, which stated that a hearing would be held to consider certain proposed amendments. The notice stated the purpose, time and place of the hearing, but it did not include the proposed amendments. Although the hearing was scheduled for February 15, 1985, the proposed amendments were not published until February 6, 1985. They were published under the heading "Changes in Ordinance Published by County."

The final hearing on the ordinance was held on March 7, 1985. After this hearing, the county adopted the ordinance as amended.

This appeal concerns the amendment to subparagraph 6.5.01(b) of the ordinance. The only change to this section was the addition of the language, "corralled areas of dairies." As amended, the ordinance prohibited corralled areas of dairy operations from existing within 1,000 feet of any residence, unless waived by written consent from all residences within that distance.

In 1987, defendant Vanderham, received a special use permit to build and operate a dairy in Jerome County. The Holloways' residence is located within 1,000 feet of Vanderham's dairy, and they appealed the award of the special use permit. The County requested a ruling from the district court denying Vanderham a permit because he could not comply with the zoning ordinance's 1,000 foot requirement. Vanderham responded by asking the court to declare the amended ordinance invalid. The Holloways asked the court to declare the amended ordinance valid and to thereby prevent Vanderham from operating his dairy within 1,000 feet of their home.

The district court ruled that "the pre-amended Jerome County Zoning Ordinance does not apply to dairies and that [the] 1985 amended Jerome County Zoning Ordi-

nance is void and unenforceable as to Vanderham's dairy." The court ruled that the 1985 amended ordinance was void because Jerome County did not comply with the notice requirements of I.C. § 67–6509(b).

The Holloways appeal this ruling.

## AMENDED JEROME COUNTY ZONING ORDINANCE

Following enactment of the zoning ordinance in 1984, Jerome County concluded, after public hearings, that certain amendments to that ordinance should be made, based on public input. Accordingly, a notice of hearing of a meeting to be held on the 15th day of February 1985, was published on January 31, 1985, as follows:

## ZONING COMMISSION TO HOLD ANOTHER HEARING NOTICE OF HEARING

THE JEROME PLANNING AND ZONING COMMISSION will hold a hearing on Friday, the 15th day of February 1985, at 7:30 p.m. in the Courtroom at the Jerome County Courthouse, this hearing will be to hear Amendments to the Amended Comprehensive Jerome County Zoning Ordinance.

All interested persons are invited to attend and shall have an opportunity to be heard.

-s-Alvin J. Hepworth
Planning and Zoning Administrator
Jerome County

Subsequent to the publication of the initial notice of hearing, the County caused to be published the following notice on February 6, 1985:

## CHANGES IN ORDINANCE PUBLISHED BY COUNTY
### JEROME COUNTY AMENDED COMPREHENSIVE ZONING ORDINANCE
## AMENDMENTS AND DEFINITIONS FEEDLOT, DRYLOT, STOCKYARD

An enclosure of limited size that is usually bare of vegetation and which is

used for feeding, fattening and temporary confinement of livestock. The corralled portion of a dairy is included in this definition.

## STRUCTURE

Anything constructed or erected and which is attached directly or indirectly, to a fixed location on the ground. Among other things, structures include building, mobile homes, walls, fences and billboards. But this definition does not include electrical transmission and distribution lines, nor electrical poles and appurtenances.

## SUBDIVISION

A tract of land surveyed into two (2) or more parcels and whose principal use is intended to be changed from the use prior to the subdivision to uses associated with an increase in density or residential and or commercial buildings. This definition shall not apply to:

(1) An allocation of land pursuant to an estate settlement or other court decree.

(2) Land sold pursuant to condemnation proceedings under applicable state and federal laws.

(3) The construction of housing for the sole use of employees of a business being conducted on the said property.

## EXPLANATION OF EMPTY SQUARES IN CHAPTER 5, REGULATION WITHIN ZONES

5-2.04 An empty square which represents the intersection of a service designation row and a zone designation column indicates that such use is not expected to occur in such zone under ordinary circumstances, and such use, therefore, is prohibited at the time of the adoption of this ordinance. Such prohibition is subject to variance in the manner prescribed by this Ordinance.

6-2.01 (D) EXCEPTIONS TO HEIGHT REGULATIONS

The height limitations contained in the official Schedule of District Regulations do not apply to electrical transmission and distribution lines, electrical poles and appurtenances, spires, belfries, cupolas, antennae, water tanks, ventilators, chimneys, or other appurtenances usually placed above the roof level and not intended for human occupancy; however, such height limitations do apply where such structures might constitute a hazard to the safe landing and take-off of aircraft at an established airport.

6-5.01 AMENDS SUBHEADING TO INCLUDE CORRALLED AREAS OF DAIRIES.

(B) ANIMAL COMMERCIAL FEEDLOTS, MEAT PACKING, PROCESSING PLANT, CORRALLED AREAS OF DAIRY, AND SLAUGHTERHOUSE FACILITIES.

7-1.03 LEAVES FINAL DECISION TO JEROME COUNTY COMMISSION.

All formal decisions by the Commission are considered to be recommendations by the Commission to the Board of County Commissioners for action which shall be superior to the action of the Commission.

20-1.01 EXEMPTS SOME SMALL AGRICULTURAL STRUCTURES FROM BUILDING PERMITS.

No building or other structures shall be erected, moved, augmented, or structurally altered; and no building, structures, or land shall be established or changed in use unless a permit for such change has been issued by the Administrator. Permits shall be issued only in conformance with the provisions of this Ordinance. This paragraph shall not apply to fences, windbreaks, sheds or accessory building having one hundred twenty (120) square feet or less of floor area. This paragraph shall not apply to such agricultural out-buildings as do not currently require a building permit as stated in the currently applicable Uniform Building Code.

Following the February 15, 1985 meeting, the proposed amendments were adopted in March of 1985.

On April 17, 1987, the Vanderhams applied for a special or conditional use permit to build and operate a commercial dairy. Pursuant to the provisions of Jerome County Planning and Zoning Ordinance as amended, the Vanderhams were granted a special use permit to build and operate a dairy. An appeal was filed from that decision to the Board of Commissioners by the Holloways that alleged, among other things, a failure of the Vanderhams to comply with the provisions of the amended ordinance prohibiting a dairy within 1,000 feet of a residence.

Following this appeal, the Application for a Special Use Permit was referred back to the Planning and Zoning Commission of Jerome County which again approved the special use permit, but with the added condition that the dairy must comply with the amended ordinance and not be constructed or operated within 1,000 feet of a residence. The application, with the action of the Jerome County Planning and Zoning Commission, was, and is now, before the Board of County Commissioners for final determination. Vanderham asserts that the amended ordinance is void as having been enacted without the proper notice as required by I.C. § 67–6509. The Board of County Commissioners filed this declaratory judgment action to determine the validity of the amended ordinance.

The district court of the Fifth Judicial District of the State of Idaho determined that the amendments to the Jerome County Planning and Zoning Ordinance were adopted without compliance with the provisions of I.C. § 67–6509 and were therefore void.

The operative provisions of I.C. § 67–6509(a) and (b) are as follows:

**67–6509. Recommendation and adoption, amendment, and repeal of the plan.**—(a) ... At lease fifteen (15) days prior to the hearing, notice of the time and place and a summary of the plan to be discussed shall be published in the official newspaper or paper of general circulation within the jurisdiction.

\* \* \* \* \* \*

(b) The governing board, prior to adoption, amendment, or repeal of the plan, shall conduct at least one (1) public hearing using the same notice and hearing procedures as the commission. . . .

It is clear that the initial notice of hearing published January 31, 1985 contained no "summary of the plan to be discussed." The first such description of the matters that might be discussed, although it was not directly connected to the proposed February 15, 1985, meeting, was the notice published February 6, 1985, which, however, was not "at least fifteen (15) days prior to the hearing."

The notice of hearing requirements of I.C. § 67–6509 were therefore not met.

This Court confronted this issue in the case of *Citizens for a Better Government v. County of Valley*, 95 Idaho 320, 508 P.2d 550 (1973), and quoted with approval the Supreme Court of the State of California, as follows:

When the statute requires notice and hearing as to the possible effect of a zoning law upon property rights the action of the legislative body becomes quasi judicial in character, and the statutory notice and hearing then becomes necessary in order to satisfy the requirements of due process and may not be dispensed with. *Hurst v. City of Burlingame*, 207 Cal. 134, 277 P. 308 (1929).

*Citizens for a Better Government*, 95 Idaho at 322, 508 P.2d at 552.

In *Citizens for a Better Government*, this Court held:

It is a well settled principle that notice and hearing requirements in zoning enabling acts are conditions precedent to the proper exercise of the zoning authority. *Hart v. Bayless Investment & Trading Co.*, 86 Ariz. 379, 346 P.2d 1101 (1959); *Holly Development, Inc. v. Board of County Comm'rs*, 140 Colo. 95, 342 P.2d 1032 (1959).

*Id.*

The district court properly entered summary judgment, declaring the amendments adopted in March of 1985, to the Jerome County Zoning Ordinance to be invalid.

### DAIRY OPERATION UNDER 1984 (PRE–AMENDED) JEROME COUNTY ZONING ORDINANCE

██ The issue of the pre-amended ordinance limiting dairies was not raised, either in the complaint for declaratory judgment filed by the county, or in the answers filed by either Vanderham or the Holloways. Nor was it raised in the motion for summary judgment filed by the plaintiff county, which only requested a summary judgment "declaring the validity or invalidity of the portions of the Jerome County Zoning Ordinance." While the parties apparently did discuss this issue in arguments before the district court, that issue was not raised by the pleadings or the summary judgment motion, and accordingly the district court's summary judgment discussing that issue was *dicta* and unnecessary to decide the issues which were raised by the pleadings and by the motion for summary judgment. Whether or not the Vanderhams' request for a special use permit met the requirements of the pre-amended ordinance is an issue which should have been pursued before the county zoning authorities under the procedures of the pre-amended ordinance and the Local Planning Act, I.C. § 67–6501 *et seq.*, and not by the district court through declaratory judgment. *Gordon Paving Co. v. Blaine County Bd. of County Com'rs*, 98 Idaho 730, 572 P.2d 164 (1977); *West Boise 87 v. L & S Dev. Co.*, 108 Idaho 449, 700 P.2d 71 (Ct.App.1985); *Palmer v. Board of County Com'rs*, 117 Idaho 562, 790 P.2d 343 (1990). The Vanderham application for the special use permit was pending before the county board at the time that this declaratory judgment proceeding was commenced by the county to obtain a declaration concerning the validity of the 1985 amendment to the zoning ordinance. While the district court had jurisdiction to issue its declaratory judgment regarding the validity of the enactment of the 1985 amendment to the zoning ordinance, "[i]t is the county through its planning and zoning commission and the county commission that should make the decision whether a special use permit should be issued. Only after the exhaustion of remedies provided under the Act [the Local Planning Act of 1975] and under local ordinances may an unsuccessful applicant or an affected person seek judicial review." *Palmer v. Board of County Com'rs*, 117 Idaho at 565, 790 P.2d at 346. Accordingly, we vacate that portion of the trial court's ruling holding that "the 1000-foot restriction of the pre-amended Jerome County Zoning Ordinance does not apply to dairies."

### ESTOPPEL (LACHES) ON THE PART OF VANDERHAM

██ The Holloways have asserted that Vanderham is estopped from challenging the Jerome County Planning and Zoning Ordinance, as amended, by having applied for a special use permit pursuant to that ordinance. That issue was raised by the pleadings, and the trial court's memorandum opinion held that the record shows no facts upon which the estoppel defense could be based, and accordingly it did not address that issue in its declaratory judgment. The factual determination of whether or not an applicant for a special use permit is entitled to receive that permit is a factual determination which, in the first instance, must be brought before the local planning and zoning authorities pursuant to the Local Planning Act, I.C. § 67–6501 *et seq.* Original jurisdiction to decide such issues does not rest in the district court. *Palmer v. Board of County Com'rs*, 117 Idaho 562, 790 P.2d 343 (1990).

██ Accordingly, we affirm the trial court's declaratory judgment declaring the amendments to the Jerome County Zoning Ordinance, adopted in March, 1985, to be invalid. We vacate that portion of the trial court's memorandum opinion holding that Vanderham's proposed dairy operation was not prohibited by the pre-amended zoning ordinance, and the finding that there were no facts to support the estoppel defense, both of which issues must first be resolved by the zoning authorities in Jerome County. Review of any such determination is to be conducted by the district court pursuant to the Administrative Procedures Act, I.C.

§ 67–5215. Costs to appellant. No attorney fees allowed.

BAKES, C.J., and BISTLINE, JOHNSON and BOYLE, JJ., concur.