874 P.2d 579

**CITY OF LAVA HOT SPRINGS,**
**Plaintiff–Respondent,**

v.

**Mitt CAMPBELL, dba Riversedge RV**
**Campground, Defendant–Counter-**
**claimant–Appellant,**

v.

**CITY OF LAVA HOT SPRINGS and**
**Newt Lowe, Counterdefendants.**

No. 20318.

Court of Appeals of Idaho.

Jan. 6, 1994.

Rehearing Denied March 10, 1994.
Petition for Review Denied June 23, 1994.

John B. Kugler, Pocatello, for defendant-counterclaimant-appellant.

Steven V. Richert, Pocatello, for plaintiff-respondent.

PERRY, Judge.

The City of Lava Hot Springs (hereinafter, the City) was awarded partial summary judgment on its suit to recover unpaid local option taxes and penalties from Mitt Campbell for the years 1988 and 1989. After a trial on Campbell's counterclaim for a refund and setoff of amounts improperly paid under an invalid assessment from 1981 to 1987, the district court issued an order dismissing the counterclaim on *res judicata* and claim preclusion grounds. The district court subsequently entered an order denying reconsideration of the final order dismissing the counterclaim. Campbell appeals from the partial summary judgment and the two orders disposing of his counterclaim. For the reasons stated below, we affirm the judgment of the district court.

1. The district judge in Case No. 40437–C was not

## BACKGROUND AND PROCEDURAL FACTS

Although the state legislature may not pass local laws for the assessment and collection of taxes, it may by law invest in municipal corporations, the power to assess and collect taxes for all purposes of such corporations. IDAHO CONST. Art. VII, § 6; *see also* IDAHO CONST. Art. III, § 19. The constitutional grant of power to municipalities, however, is not self-executing or unlimited, and it is limited by what taxing power the legislature authorizes in its implementing legislation. *Brewster v. City of Pocatello,* 115 Idaho 502, 768 P.2d 765 (1988).

In 1978, the legislature enacted the City Property Tax Alternatives Act authorizing resort city governments, upon approval of their residents, to adopt, implement and collect local-option nonproperty taxes. I.C. §§ 50–1043—1049. Pursuant to the statute, the City adopted an ordinance, Ordinance 1981–4, imposing a tax on liquor by the drink and on hotel-motel occupancy. In 1987, the City reenacted the ordinance which permitted the imposition of the tax on "other sleeping accommodations" and "wine and beer sold at retail for consumption."

Sometime prior to May 1988, Campbell and other campground owners brought suit against the City, in Bannock County Case No. 40437–C, challenging the application of the tax since 1981 to campgrounds. Campbell and the other campground owners argued that the City had exceeded its statutory authority in attempting to impose the local option tax on campground rentals and the sale of beer and wine. By order dated May 24, 1988, the district court held that Ordinance 1981–4 did not extend the City's local option taxing authority to campground rentals and the sale of beer and wine.[1] The district court held that Ordinance 1981–4 was invalid to the extent that it imposed tax liability on campground owners until amended by the City in November 1987. The district court found the amended ordinance valid. The April 19, 1991, judgment in Bannock County Case No. 40437–C was not appealed.

the same as in the current action.

Following an audit and assessment of tax deficiency, the City filed the current action against Campbell in August 1990, claiming unpaid local option taxes for 1987, 1988 and 1989, plus interest and penalty assessments. Campbell answered and counterclaimed. The City moved for, and obtained, summary judgment against Campbell for the taxes validly owing for 1988 and 1989. The district court declined to grant judgment for the 1987 taxes, evidently relying on the district court's decision in Bannock County Case No. 40437–C invalidating the tax levies prior to the amendment of the ordinance in 1987.

Campbell's counterclaim was tried to the district court on April 24, 1992. He argued that, because he had paid illegal taxes collected between 1981 and 1987, he was entitled to have that amount set off against the judgment entered for the 1988 and 1989 taxes. The counterclaim was resolved by memorandum decision and order. The district court concluded that the question of refund or set-off should have been litigated in Bannock County Case No. 40437–C and that *res judicata* barred any setoff for the amount allegedly overpaid by Campbell. Accordingly, the district court entered an order dismissing the counterclaim. It is from this order that Campbell perfected his appeal.

## ISSUES ON APPEAL

Campbell asserts that the district court erred in dismissing the counterclaim. He also asserts that summary judgment in favor of the City for the 1988 and 1989 taxes was improperly granted for a number of reasons. He contends the ordinance governing taxes to be collected in 1988 and 1989 is invalid. He further argues the assessment is unfair because it was computed with incomplete information, was incorrectly based on periods of high occupancy and includes a penalty which is unconstitutional. He also argues that the judgment should not have been entered against him personally when the tax was never collected from the campground users.

A.  *Grant of summary judgment to the City was proper.*

Our review of a summary judgment is limited to determining whether there exists a genuine issue of material fact and whether the prevailing party is entitled to judgment as a matter of law. *Anderson v. City of Pocatello,* 112 Idaho 176, 731 P.2d 171 (1986); *Gro–Mor, Inc. v. Butts,* 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985). Summary judgment is proper if the pleadings, depositions and admissions on file, together with affidavits, have been considered in a light most favorable to the party opposing the motion and show that there is no genuine issue of fact. *Palmer v. Idaho Bank and Trust,* 100 Idaho 642, 603 P.2d 597 (1979).

The district court granted summary judgment for the City to the extent of the post–1987 taxes. The judgment amount was derived from the computations for the 1988 and 1989 taxes as set forth in the city clerk's affidavit. Campbell, in his affidavit, did not deny that these taxes were unpaid, but attempted to challenge the manner in which the taxes were computed as well as the validity of the tax.

The validity of the ordinance having been litigated in Bannock County Case No. 40437–C, *res judicata* precludes relitigation of that issue in this action. *Pocatello Industrial Park Co. v. Steel West, Inc.* 101 Idaho 783, 621 P.2d 399 (1980). Moreover, the issue of the validity of Ordinance 1981–4, as amended in 1987, was not raised at trial and only discussed by Campbell in this appeal. Issues raised for the first time on appeal will not be considered or reviewed. *Sandpoint Convalescent Services, Inc. v. Idaho Dept. of Health and Welfare,* 114 Idaho 281, 756 P.2d 398 (1988).

Under a similar principle of appellate review, we will not consider issues on appeal which are completely unsupported by argument and authority. *Murray v. Farmers Ins. Co.,* 118 Idaho 224, 796 P.2d 101 (1990); *Berning v. Drumwright,* 122 Idaho 203, 832 P.2d 1138 (Ct.App.1992). Campbell presented no legal rationale or supporting authority for his bare assertion that the judgment should not be against him personally simply because he failed to collect the taxes from the campground users. Accordingly, we will not consider that claim in this appeal.

Next, we turn to Campbell's argument that the amount of the tax assessed against him was not correctly computed by the City. In his affidavit in opposition to summary judgment, Campbell alleged that the tax was improperly based on incomplete records of campground rentals which reflected only high occupancy periods. The City objected to Campbell's attack on the amount of the judgment, insisting that he had failed to exhaust his administrative remedies and could not now contest the assessment.

■ There is, in Idaho, a presumption of the correctness of tax assessments. Therefore, when such assessments are assailed, the burden of proof is upon the complaining party. *Appeal of Sears Roebuck Co.*, 74 Idaho 39, 256 P.2d 526 (1953). The procedures for protesting assessments of the local option tax are statutorily prescribed and, in this case, can be found in the ordinance adopting and implementing the tax. The ordinance involved here afforded Campbell notice of the city clerk's determination of deficiency. Ordinance 1981–4 (1987), § 10. The ordinance further provided that a taxpayer has thirty days following service of the notice of deficiency to petition the city clerk in writing for a redetermination. *Id.* at § 11. Unless the taxpayer pursues a redetermination, however, he or she cannot appeal the assessment to either the city council or the district court. *Id.* at § 12.

■ Because Campbell filed no tax returns and remitted no tax payments, his records were audited by the City in order to calculate the tax owing. On April 19, 1990, Campbell received notice of a deficiency for tax years 1987, 1988 and 1989. Campbell's affidavit alleged that he had objected to the deficiency assessment and attended various meetings with city personnel to discuss recalculation of his tax liability; but, he provided no specific dates, places or names of persons with whom he had talked. Irrespective of these allegations, however, there is nothing in the record to show that Campbell filed a written petition for redetermination with the City as required by Section 11 of the ordinance.

Campbell relies on *Ward v. Ada County Highway District*, 106 Idaho 889, 684 P.2d 291 (1984), which holds that in an action challenging assessments, the district court sits as a court of equity and hears matters de novo. We conclude that his reliance on *Ward* is misplaced. The question before the court in *Ward* was whether the method of assessment selected by the Ada County Highway District to finance the land improvement was in error. No error was asserted as to any failure by the taxpayer to conform to the statutory scheme for appealing a tax assessment.

The City cites *Fairway Dev. Co. v. Bannock County*, 119 Idaho 121, 804 P.2d 294 (1990), in support of its argument that Campbell is precluded from raising the issue of the correctness of his tax assessment in the district court without first exhausting his administrative remedies. Unlike the Board of Equalization in *Fairway*, the City of Lava Hot Springs is not an "agency" as defined in the Idaho Administrative Procedure Act, I.C. § 67–5201(2). *See* I.C. § 67–5201 unofficial comments (1993) (officers exercising functions specified in the Idaho Constitution are specifically excepted from the Act). *See also* IDAHO CONST. Art. VII, § 6. However, the doctrine of exhaustion of administrative remedies is not limited only to cases arising under the Administrative Procedures Act. *See Palmer v. Board of County Comm'rs*, 117 Idaho 562, 790 P.2d 343 (1990); *Jerome County v. Holloway*, 118 Idaho 681, 799 P.2d 969 (1990).

■ At issue in this case is the failure to conform to procedures mandated by the ordinance. The scheme prescribed by the ordinance in this instance requires that a taxpayer first protest his assessment to the city clerk for correction of computation errors in the assessment before being entitled to review by either the city council or the district court. It does not appear from the record that Campbell petitioned in writing for a redetermination of his assessment within the thirty days of receipt of notice of the assessment. If a taxpayer fails to avail himself or herself of the proper means of protest, he or she is without remedy when that means has passed away by expiration of time or otherwise. 72 AM.JUR.2D *State and Local Taxa-*

tion § 782 (1974). Campbell, therefore, cannot challenge before the district court an incorrect assessment. Accordingly, we conclude that it was not error for the district court to refuse to review the assessment amount.

Campbell's final claim of error is that the penalty charged by the City constitutes an unconstitutional, double penalty. Campbell sought to have the district court invalidate Section 20 of the ordinance imposing a penalty charge "equal to the amount of the tax evaded, or not collected, or not accounted for and paid over." After considering counsel's argument on Campbell's motion to modify the judgment, the district court refused to alter the judgment. In light of Campbell's repeated failure to report the tax and his propensity to disregard the legal notices provided by the City, the district court found "the doubling penalty to be a fair and reasonable means to compensate the City for the cost of pursuing this litigation."

■ Campbell has not offered any authority for his contention that this provision of the ordinance is unconstitutional, nor has he identified what provisions of the Idaho or United States Constitution is allegedly contravened. As noted above, we will not consider issues on appeal where we have not been presented any argument or authority supporting the proponent's position. We have been presented no reasoned analysis to decide this question of first impression. Therefore, we decline to address in this appeal the constitutionality of the doubling penalty prescribed by Section 20 of the ordinance. *State v. Phillips*, 118 Idaho 27, 794 P.2d 297 (Ct.App.1990); *Price v. Aztec Ltd., Inc.*, 108 Idaho 674, 701 P.2d 294 (Ct.App. 1985); I.A.R. 35(a)(6).

B. *Dismissal of counterclaim was proper.*

Campbell asserts that the district court erred in concluding he was not entitled to a credit for taxes paid under the invalid ordinance for years 1981 through 1987 and in denying him the setoff sought in the counterclaim. He argues that *res judicata* cannot apply because the decision in Bannock County Case No. 40437–C was not final at the

time the district court in this case ruled on his counterclaim.

Campbell and the other plaintiffs in Case No. 40437–C requested refunds. In May 1988, in its memorandum decision and order granting partial summary judgment declaring the ordinance invalid prior to November 1987, the district court advised Campbell and the other plaintiffs to submit documentation regarding their right to reimbursement. Campbell failed to pursue his claim for refund as directed. Judgment was entered in Case No. 40437–C on April 19, 1991, making no award of a refund. On April 24, 1992, the trial was held in the instant matter before the district court on Campbell's counterclaim seeking a setoff to the judgment entered in favor of the City on its claim for unpaid taxes.

■ In the present case, the district court denied Campbell's request for a setoff, made up of a refund of nonproperty local option taxes paid by him for tax years 1981–1987 under the invalid ordinance. The district court reasoned that Campbell's claim for refund was an issue in Bannock County Case No. 40437–C that should have been decided in the prior action. Thus, the issue of any refund due Campbell was not properly before the district court in this case. We concur with the district court that *res judicata* bars a second suit on Campbell's asserted claim for refund.

## CONCLUSION

We conclude that the award of summary judgment for the City was proper. We affirm the judgment in the amount awarded by the district court. We do not decide, for lack of argument and authority from Campbell, the constitutionality of the double penalty charge included in the judgment. We also affirm the order dismissing the counterclaim.

■ The only significant legal question in this appeal was raised by a bare assertion that the double penalty was unconstitutional, without analysis of any case law and without any reference to those provisions of the constitution allegedly offended by the penalty. Left with the abiding belief that the appeal

was brought, pursued and defended frivolously, unreasonably and without foundation, we award costs and attorney fees on appeal to the City pursuant to I.C. § 12–121 and I.A.R. 40 and 41. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979).

WALTERS, C.J., and LANSING, J., concur.