## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 33658-2006

MICHAEL J. ROLLINS,

    Petitioner-Respondent,

v.

BLAINE COUNTY, State of Idaho, a body politic and political subdivision of the State of Idaho, acting through it duly elected BOARD OF COUNTY COMMISSIONERS,

    Defendant-Appellant,

and

BRIAN POSTER,

    Intervenor.

Boise, June 2009 Term

2009 Opinion No. 89

Filed: July 7, 2009

Stephen W. Kenyon, Clerk

Appeal from the District Court of the Fifth Judicial District of the State of Idaho, in and for Blaine County. The Hon. Robert J. Elgee, District Judge.

The judgment of the district court is <u>vacated</u>.

Jim J. Thomas, Blaine County Prosecuting Attorney, Hailey, for appellant. Timothy K. Graves argued.

Lawson & Laski, PLLC, Ketchum, for respondent. Edward A. Lawson argued.

_____

EISMANN, Chief Justice.

    This is an appeal from a decision of the district court on a petition for judicial review from a decision made by the county commissioners on an appeal of the issuance of two building permits. Because there was no right to seek judicial review of the decision made by the county commissioners, we vacate the decision of the district court.

## I. FACTS AND PROCEDURAL HISTORY

In 1997, Michael J. Rollins (Landowner) purchased a parcel of real property in Blaine County, intending to construct a home upon it. As part of its zoning law, Blaine County had adopted a Mountain Overlay District (MOD) restricting development on hillsides within the District. Blaine County has a Planning and Zoning Administrator (Administrator), whose duties include interpreting the boundaries of zoning districts, including whether property is within the MOD.

In May 1997, the Landowner asked the Administrator for an opinion as to whether the Landowner's property was within the MOD. The Administrator responded by letter that it was and that the Landowner would need a site alteration permit in order to build a home upon it.

In 2004, the Landowner began planning to construct his home. At the suggestion of one of his consultants, he met with the Administrator, provided detailed information, and again asked whether the site on which he intended to construct the home was within the MOD. By letter dated July 6, 2004, the Administrator responded that it was not and that the Landowner did not need to obtain a site alteration permit before applying for or being issued a building permit.

On November 10, 2004, the Landowner received a permit to construct an access road to the site on which he intended to construct his home. After receiving the permit, he spent $39,120 to build a driveway, building pad, and fire truck turn around. He also paid $14,000 to the County.

On December 28, 2004, the Landowner's neighbor Brian Poster (Neighbor) sought to appeal the Administrator's interpretation in the July 6, 2004 letter to the Board of County Commissioners (Board). The Board dismissed the appeal because it was untimely under the County ordinance. The Neighbor then filed a petition for judicial review, a declaratory judgment, and an injunction. By letter dated January 25, 2005, the County's attorney notified the Landowner of the Neighbor's lawsuit and advised the Landowner that any further construction on the property would be at his own risk.

On April 5, 2005, the Landowner obtained a permit to build a retaining wall on his property, and on April 21, 2005, he obtained a permit to construct a single family dwelling on his property. The Neighbor timely appealed the issuance of both permits to the Board. The appeals were consolidated for hearing. On June 23, 2005, the Board held that the Landowner's property was located within the MOD and that a site alteration permit was required before he could

proceed with the construction of his home. Because the Landowner had not made any misrepresentations to the County and had obtained the necessary approvals before the appeal, the Board offered to refund the building permit fees paid by the Landowner, to expedite his site alteration permit, and to waive any fees associated with that permit, assuming the Landowner continued with his construction project.[1]

On July 15, 2005, the Landowner filed a petition for judicial review, and the Neighbor was permitted to intervene. On August 11, 2005, the Landowner filed a "Statement of Issues on Appeal." The issues listed were: whether the Board had committed various violations of due process; whether the Board was bound by the Administrator's determination in the July 6, 2004 letter; whether the Board had the authority to hear the appeals from the issuance of the building permits; whether the Board's decision reversing the Administrator's determination was made in excess of its authority, in violation of statutory provisions, upon unlawful procedure and without substantial competent evidence, and was arbitrary and capricious; whether the MOD ordinance is unconstitutionally vague or deprived the Landowner of equal protection of the law; whether the Board's decision violated the impairment of Contract or Commerce Clauses of the federal constitution; whether the Board's decision was barred by estoppel; and whether the Landowner was entitled to an award of attorney fees and costs under Idaho Code § 12-117.

Both the Landowner and the County filed motions seeking to augment the record. The district court granted the Landowner's motions in part and the County's motion. On April 7, 2006, the court entered an order of partial remand. It remanded to the County "[a]ll . . . issues raised by this appeal, and not specifically retained by the Court for determination[,] . . . for reconsideration in light of the augmented record." The issues that the district court specifically retained were: (a) "all issues involving the timeliness, validity, and legality of [the Neighbor's] appeal of administrative decisions below" and (b) "[the Landowner's] estoppel argument *as it relates to timeliness* of [the Neighbor's] appeal and related actions of Blaine County" (emphasis in original).[2]

---

[1] The record does not reflect whether Landowner accepted the offer.

[2] It is not clear how the district court concluded that it could remand challenges to the Board's action under some theories, including alleged violations of the Constitution, while retaining for the court's simultaneous decision challenges to the same Board action under other theories. Since the court ultimately entered an order indefinitely staying all further administrative proceedings that were pending before the Board, it appears that the issues remanded to the Board were not decided by it.

On October 18, 2006, the district court issued its opinion on judicial review. It held: (a) the County code did not give the Neighbor the right to an administrative appeal of the Administrator's determination set forth in the July 6, 2004 letter and that if the Neighbor did have the right to such appeal, his appeal was not timely; (b) the Landowner had established a non-conforming use before the Board issued its decision holding that the Landowner's property was within the MOD and that construction could not proceed without a site alteration permit; (c) the County code did not give the Neighbor the right to an administrative appeal challenging the issuance of the Landowner's building permits; and (d) if the Neighbor did have the right to such appeal, the County code required that it be decided by a three-member panel appointed by the Board. Based upon these holdings, the district court issued an order providing as follows: "The prior determinations of the Board of Commissioners in denying [the Landowner] building permits are vacated. All further administrative proceedings that have been pending before the Board of Commissioners are stayed indefinitely. This matter is remanded to the Blaine County Board of Commissioners for proceedings consistent with this opinion."[3]

On October 26, 2006, the Landowner filed a "Motion for Attorney Fees and Costs" seeking $2,217.17 in court costs and $51,335.64 in attorney fees. The Landowner also filed a supporting affidavit in which he requested an award of $54,212.00 in attorney fees. The County and the Neighbor timely objected to the award of court costs and attorney fees. After argument and briefing, the district court awarded the Landowner the sum of $44,423.70 in court costs and attorney fees against the County. The County then timely appealed.

## II. ANALYSIS

"In order to obtain judicial review of final action under the Local Land Use Planning Act (LLUPA), I.C. §§ 67-6501 et seq., there must be a statute granting the right of judicial review." *Johnson v. Blaine County*, 146 Idaho 916, 919-20, 204 P.3d 1127, 1130-31 (2009). There are two statutes that grant the right of judicial review from land use decisions by a governing board. Idaho Code § 67-6519 provides that an applicant for a permit required or authorized under Chapter 65 of Title 67 "may within twenty-eight (28) days after all remedies have been

---

[3] In its order, the district court vacated "[t]he prior determinations of the Board of Commissioners in denying [Landowner] building permits." The Board's decision did not deny Landowner any building permits.

4

exhausted under local ordinance seek judicial review under the procedures provided by chapter 52, title 67, Idaho Code." Idaho Code § 67-6521 provides that an "affected person"[4] who is aggrieved by a decision granting or denying a permit authorizing development may "after all remedies have been exhausted under local ordinance seek judicial review as provided by chapter 52, title 67, Idaho Code."

In this case, the Board did not grant or deny any permit. It simply held, "The Board finds that [the Landowner's] property is located within the Mountain Overlay District and that a site alteration permit is required before any further site alteration can take place." The Landowner did not apply for a site alteration permit. He therefore has not exhausted all remedies under the County code.

In *Palmer v. Board of County Commissioners of Blaine County*, 117 Idaho 562, 790 P.2 343 (1990), landowners were issued a building permit to construct their home at the end of an airport runway. The building permit stated it could be declared null and void if the construction was in violation of an ordinance restricting building within 500 feet of the end of the runway. After construction of the house had begun, the county building department issued a stop work order because the location of the house violated the ordinance. The county recommended that the landowners move their house, but it did not declare their building permit null and void. The landowners responded by filing an action seeking damages and an order nullifying the stop work order and permitting them to continue constructing their home. The district court dismissed the action with prejudice on three grounds, one of which was that the landowners had failed to comply with the provisions of Idaho Code §§ 67-6519 and 67-6521. On appeal, we noted that the landowners could have applied for a special use permit allowing them to complete the construction of their home, but did not do so. We therefore held, "Since the [landowners] did not apply for a special use permit and obtain a decision of the county commissioners on that application, they did not exhaust their administrative remedies under the Act [LLUPA]." 117 Idaho at 565, 790 P.2d at 346. We upheld the dismissal of their complaint, but held it would be without prejudice.

---

[4] An "affected person" is defined as "one having an interest in real property which may be adversely affected by the issuance or denial of a permit authorizing the development." I.C. § 67-6521(1)(a).

Both Idaho Code § 67-6519 and § 67-6521 provide for judicial review only "after all remedies have been exhausted under local ordinance." Because the Landowner failed to exhaust his administrative remedies before filing his petition for judicial review, we must vacate the decision of the district court and remand this case with instructions to dismiss the petition for judicial review without prejudice.

Both parties also seek an award of attorney fees on appeal pursuant to Idaho Code § 12-117. That statute provides that in litigation between a county and a person, "the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law." Because the Landowner has not prevailed on this appeal, he is not entitled to an award of attorney fees under this statute. Because we are dismissing this appeal on an issue not raised by either party, we decline to award the County attorney fees.

## III. CONCLUSION

We vacate the decision of the district court, including the judgment for costs and attorney fees, dismiss this appeal, and remand this case to the district court with instructions to dismiss the petition for judicial review without prejudice. We do not award costs or attorney fees on appeal.

Justices BURDICK, J. JONES, W. JONES and HORTON **CONCUR**.